[No. 7,532.—Department Two.]
December 4, 1882.

## W. W. DODGE ET AL. *v.* W. B. RIDENOUR ET AL.

SETTING ASIDE JUDGMENT ON GROUND OF SURPRISE, INADVERTENCE, OR MISTAKE—JUDGMENT—PRACTICE—NEW TRIAL—DEFAULT.—In this case, *Held:* The Court below should have granted the defendant's motion to set aside the judgment. The case is within Section 473, C. C. P.

APPEAL by Samuel Crozier, one of the defendants, from the judgments of the Superior Court of the City and County of San Francisco, the one rendered May 27, 1880, for six thousand five hundred and fifty dollars and seventy-five cents, and

the other May 29, 1880, for seven thousand one hundred and seventy-seven dollars and seventy-five cents, and from the order refusing to vacate and set aside said judgments, and to grant a new trial. SULLIVAN, J.

Action on contract. The plaintiffs, W. W. Dodge & Co., on April 26, 1879, commenced the action in the 12th District Court against the defendants, W. B. Ridenour and Samuel Crozier, as copartners under the firm name of Ridenour & Crozier, to recover judgment against them; 1. On a promissory note executed in the name of the firm, San Francisco, October 28, 1878, payable on demand for four thousand five hundred dollars and interest at one per cent. per month; 2. Upon balance of account for money laid out etc., amounting to nine hundred and seventy-three dollars and forty-nine cents; and 3. Upon an indebtedness of six hundred and eighty-five dollars for money loaned, etc., which note and indebtedness all accrued to and was assigned to plaintiffs by W. · W. Dodge. Both defendants separately appeared and demurred to the complaint and their demurrers were overruled July 11, 1879, and ten days given each to answer. Ridenour filed no answer. Crozier, July 21, 1879, filed his answer, in which he admitted the partnership between himself and Ridenour, but alleged that it was confined to merchandising in the Territory of Arizona, and denied the making of the note, and all indebtedness to the plaintiffs therein or otherwise from himself or the firm of Ridenour & Crozier. On May 27, 1880, Mr. M. M. Estee appearing for plaintiff, no one appearing for the defendants, the case was tried by the Court and judgment ordered in favor of plaintiffs against the defendants for six thousand five hundred and fifty dollars and seventy-five cents, and on May 29, 1880, an order reciting a mistake in the calculation of interest as made on the twenty-seventh of May was made, that judgment be entered for plaintiffs against defendants for seven thousand one hundred and seventy-seven dollars and seventy-five cents and costs. Judgment was entered in accordance therewith.

The defendant Crozier on July 14, 1880, gave notice of motion as follows: 1. To relieve him, the said Samuel Crozier, from the judgment rendered in the above entitled action on May 27, 1880, for six thousand five hundred and fifty dollars

and seventy-five cents.   2. To relieve him, the said Samuel Crozier, from the judgment rendered in the above entitled action on May 29, 1880, for seven thousand one hundred and seventy-seven dollars and seventy-five cents.   3. To set aside and vacate both of the said judgments, as to the said Samuel Crozier, and award him a new trial of the said action.

The said motion will rest upon the following and other grounds: The said Crozier was prevented from having a fair trial by reason that the setting of the said cause for hearing on May 27, 1880, was irregular, because that day was within vacation, and there was no written consent of parties that the cause might be tried in vacation filed in the above mentioned department, or elsewhere, as was required by a resolution to that effect, adopted and promulgated by the Judges of the said Superior Court about April 12, 1880.   There was mistake, because said Crozier knew nothing to the contrary, and the conviction of his counsel was, that the said cause would not be tried until after July 6, 1880, when said vacation closed.   There was inadvertence, because Crozier's counsel inferred, from the conduct of plaintiffs' counsel, that this defendant had until the end of vacation, at least, within which to take Ridenour's deposition.   There was surprise, because said Crozier knew nothing to the contrary, and his counsel was under the conviction that the cause was postponed until after vacation, and that conviction continued until said counsel was informed that the first mentioned judgment had been entered.   If there was neglect, it was excusable, because it was not to be presumed that in the face of the above mentioned resolution of the Judges, the cause would be taken up in vacation without the written consent of the parties litigant.   Because, as to the judgment of May 29, 1880, there was no notice whatever, and the Court was without jurisdiction to render the same, and it is excessive.

Upon the hearing of the said motion, there will be used the record, pleadings, papers, minutes, etc., of, in, and pertaining to the above entitled action, and the affidavits and papers heretofore served and filed in the said action on said Crozier's motion of June 18, 1880, to be relieved from the said judgment of May 27, 1880.

The following affidavits were used upon the hearing:

SAMUEL CROZIER, being duly sworn according to law, deposes and says: That he is one of the defendants in an action pending in the Superior Court, in and for the City and County of San Francisco, State of California, wherein W.W. Dodge *et al.* are plaintiffs, and W. B. Ridenour and Samuel Crozier are defendants. That he resides in the County of Mohave, Territory of Arizona. That on the eleventh day of April, 1880, he received a communication from D. L. Smoot, Esq., of said City of San Francisco, who is his—affiant's—attorney in said action, notifying him that said action had been set down for trial on the twenty-first instant, and notifying him to be present at Court on that day with his witnesses; that he had not received any notification thereof before that time; that the said notification is so brief, that it is impossible for affiant to reach the said City of San Francisco with his witnesses in time for the said trial. That affiant and W. B. Ridenour, defendants in said action, are both witnesses material and necessary for affiant in his defense of said action; that both said witnesses reside in the Territory of Arizona; that the evidence of each of said witnesses is material for defendant's defense. That he will prove by said witnesses that W. B. Ridenour, one of the defendants, made and executed the promissory note upon which the said action is brought. That at the time of said Ridenour making and delivering said notes, affiant and he were partners, doing business as merchants only, in the County of Mohave, Territory of Arizona. That said note was made and delivered by said Ridenour for certain mining stock, purchased by him at that time. That the said Ridenour had no authority, either by the terms of their copartnership, or by the usages of their business, or by any other authority, direct or implied, to give the said promissory note in the firm name of Ridenour & Crozier, or to purchase any mining stock whatever for or on account of the said partnership. But, on the contrary, it had before, and at the time of the making of the said note, been specifically agreed and understood by and between affiant and said Ridenour, that said partnership should not purchase any mining stock whatever, or deal in anything outside the proper and legitimate business of merchandising. That affiant has not, in any way, ever ratified or acquiesced in the

making of said note or purchase of said stock and said partnership; nor has affiant ever accepted or received said stock, or any of the benefits thereof in any way. That said facts can not be proven by any other witnesses.

This affidavit is not made for delay merely, but that justice may be done in the premises; and affiant verily believes that if this cause be continued for this term of this Court, he will be able to be present in person to testify in said action, and will be able to have the deposition of the said W. B. Ridenour to offer in evidence at that time. And affiant further says, that he can not be present at the day set for the trial of this cause, because he can not now leave his family, for the reason that his wife has but recently been confined and is now in a delicate state of health, requiring the personal care and attention of affiant. And further, affiant saith not.

D. L. SMOOT, having been duly sworn, April 27, 1880, deposes as follows: That he is the attorney of Samuel Crozier, one of the defendants in the above entitled action. That from the sworn answer of said Crozier, the oral statements of said Crozier and Ridenour, and documents shown me by said Ridenour, I am convinced that the said Crozier has a good and substantial defense on the merits to the said action. That said Ridenour informed affiant that he had employed Messrs. Garber & Thornton to defend the said action for him; and said Ridenour gave affiant to understand that he would attend the trial and testify, and that his testimony would exonerate the said Crozier. That the said Ridenour and Crozier are living in Arizona Territory. That when the trial of the said action was fixed for April 21, 1880, affiant was under the impression that the said Ridenour would attend promptly on notification. That affiant wrote promptly to said Crozier, but the letter did not reach him until a week or so before the twenty-first; and instead of the said Crozier attending Court as requested, he is prevented by sickness in his family; and instead of the said Ridenour attending, as it was understood he would, he now, as affiant is informed, abandons the defense of the said action, and refuses to come forward and testify in behalf of his co-defendant, Crozier. That the evidence of said Ridenour is material and indispensable to the defense of said Crozier; that the same facts can not be proved by any other per-

son who is not a party to the action; that the trial, so far as
said Crozier is concerned, can not safely proceed without the
testimony of the said Ridenour; and that since hearing of said
Ridenour's abandonment of the said defense and his refusal
to appear at the trial and testify, neither the affiant nor the
said Crozier has had time to prepare for and have the deposi-
tion of the said Ridenour taken in the said Territory of Ari-
zona, where he resides and now is.

D. L. SMOOT, having been duly sworn, June 9, 1880, deposes
and says: That he is the only attorney of Samuel Crozier, one
of the defendants in the above entitled action. That from
the sworn answer of said Crozier filed in said action, from
the oral statements of said Crozier and his co-defendant,
W. B. Ridenour, made to affiant, and from documents shown
to affiant by said Ridenour, and in the possession of said
Ridenour, affiant is convinced that the said Crozier has a
good and substantial defense on the merits to the said action.
That the trial of the said action was fixed for April 21, 1880.
That finding that the said Crozier, because of sickness in his
family, at his home in Arizona Territory, could not attend on
April 21st, and that said Ridenour, after promising to attend
as a witness on behalf of said Crozier, refused to leave his
home in Arizona Territory and keep his promise, this affiant
was prepared with affidavits setting forth good and sufficient
grounds for a postponement of the trial of the said action, for
a length of time sufficient to enable him to sue out a com-
mission and take the other necessary steps to have the dep-
osition of the said Ridenour taken in Arizona. That on
April 21st, when the said action was called, and answered
"ready" on behalf of the plaintiffs, this affiant stated that he
was not ready on behalf of said Crozier, and was prepared,
by affidavits and otherwise, to move for a postponement, and
exhibit grounds sufficient to obtain the same. That because
of business undisposed of, and which was ahead of the said
action, the Court directed the motion for a postponement to
abide until the business ahead of the said action was disposed
of and the action reached. That day after day affiant watched
the business of the Court, prepared to make the said motion.
That on Thursday, April 29, 1880, while affiant was engaged
in Department One of the Superior Court, in the trial of the

case of *J. N. Wood* v. *The Maryland Consolidated Gold and Silver Mining Company,* he was notified that said action of *Dodge et al.* v. *Ridenour & Crozier* was called in Department Two. That thereupon, affiant, with the permission of the Judge of Department One, went into Department Two and stated the grounds upon which he moved for a postponement of the case. The affidavits which affiant had were not read or filed; the motion was not resisted, and the hearing of the case, according to the understanding of affiant, was postponed until after vacation. That affiant immediately returned to Department One, and resumed the trial of the case of *Wood* v. *Maryland Consolidated Gold and Silver Mining Company.* That pending the application for postponement, Mr. Wilson, one of the counsel representing Dodge *et al.,* said to affiant, substantially, that if the postponement was granted, the counsel for Dodge *et al.* would facilitate the taking of the deposition, by waiving notice of application for order directing commission to issue, etc. That on May 20th, or 21st, affiant prepared an order for the Judge to sign, awarding the commission, and attached thereto, for plaintiffs' counsel to sign, a written waiver of notice. That on the last named day, affiant sent said order to plaintiffs' counsel for inspection, with the request that the written waiver should be signed. That Mr. Wilson declined to sign the waiver, until he saw the interrogatories. That upon this report being made to affiant, he made preparations to frame and write out the interrogatories which he wished propounded to said Ridenour. That on May 27, 1880, upon affiant's arrival at his office, at half past ten o'clock A. M., he was informed by the clerk that a judgment by default had been entered that morning by the Court against Ridenour & Crozier, upon the application of plaintiffs' counsel. That affiant was greatly surprised, and immediately went to Department Two and found that a recess had been taken until two P. M. of that day; and he also found, and learned for the first time, that a minute was on the clerk's book, as of April 29, 1880, setting the cause for trial on May 27, 1880. Of this order, neither the affiant nor his client, Crozier, had any knowledge or notice whatever, nor did the plaintiffs' counsel, at the time he demanded to have the interrogatories before signing the waiver, or at any other time, mention any-

thing about the said cause being set for May 27th. That at two P. M., on May 27th, when Department Two re-opened, this affiant called the attention of the Court to the facts of this matter, and asked that the said judgment be vacated without delay, and be made to stand as if never rendered. But the Court, deeming it proper that the plaintiffs should be present, directed that notice of the motion be given in the usual way and a stay of proceedings entered.

And this affiant further deposes and says: That about April 12, 1880, the Judges of the Superior Court of the City and County of San Francisco resolved upon a vacation, beginning April 30th and ending July 5, 1880; and further resolved, that no causes should be heard in either of the first eight departments during that time, except by written consent filed in the department. That this determination was published in "The Daily Law Journal" on April 12, 1880, and became and was generally known to others as well as affiant, long prior to April 29th. That the postponement aforesaid was granted on the day before said vacation commenced, and that with the said action of the superior Judges in mind, this affiant understood and believed, and never thought otherwise than that the postponement extended to July 5th. That no written consent was given and filed by this affiant, or any one else, that the said cause should be taken up on May 27th, or any other day during said vacation; nor was he ever asked by plaintiffs' counsel, or any one else, to enter into or waive such written consent. That the rendering of the said judgment, and the action of the plaintiffs herein, is a great surprise to affiant and his client, and a great injury to the said Crozier.

The affidavits alluded to are hereto attached—they are the affidavit of Samuel Crozier, dated April 12, 1880, and the affidavit of D. L. Smoot, dated April 27, 1880.

RAMON E. WILSON, being duly sworn, deposes and says: That he is now, and for more than five years last past has been, a regularly licensed attorney and counselor at law. That he is an assistant in the law firm of Estee & Boalt, the attorneys for the plaintiffs in the above entitled action, and was such at all the times hereinafter mentioned. That he has principally had the charge of and the management of the

above entitled cause, representing the said law firm of Estee & Boalt.   That thereafter, to wit, on or about the — day of January, 1880, said cause was set for trial on Wednesday, the thirty-first day of March, 1880.   That on said last mentioned day, plaintiffs, with their counsel, appeared and answered ready upon the calling of the case.   That the defendant Crozier was not ready, and asked for a continuance.   That thereupon, and against the objections of plaintiffs, the Court ordered a continuance, and set the cause specially for trial on the twenty-first day of April, 1880—and, as affiant then understood, peremptorily.   That the defendant then and there waived a jury trial.   That on the twenty-first day of April, 1880, the plaintiffs and their counsel again appeared in Court, and upon the calling of the case answered ready.   That when the same was reached on the day-calendar, neither defendant nor his counsel were present; and thereupon, at the suggestion of affiant, the Court directed the Sheriff to call Mr. Smoot, defendant's counsel.   After some delay, Mr. Smoot appeared, and stated that the defendant was not ready to proceed with the trial, for the reason that his client's family was sick and that he had not been able to secure the attendance of the co-defendant, Ridenour.   That thereupon, and against the objections of the plaintiffs, the Court ordered another continuance, and set said cause for trial on the twenty-seventh day of May, 1880, at the suggestion and consent of the defendant Crozier, made in open Court, through his counsel, D. L. Smoot, Esq.; but said order was made upon the express agreement of both parties—made in open Court and entered in the minutes— that said cause was peremptorily set for said last mentioned day, and to be tried on said day.   That to that end, counsel for defendant asked plaintiffs, through affiant, to waive the statutory notice, so that he might get a commission to take the testimony of the defendant Ridenour without delay; that plaintiffs then and there, in open Court, waived said notice. That at that time the question was discussed, between Court and counsel, as to whether defendant would have time between the said day and the twenty-seventh day of May, 1880, to secure said deposition, and the Court said that plaintiffs having waived the notice, defendant would have ample time. At the same time the question of the summer vacation was

discussed, and the Court remarked that it would set no cases in June, as it desired a vacation. Counsel for defendant further said that he would immediately prepare interrogatories and submit them to affiant. That neither affiant nor said firm of Estee & Boalt heard from Mr. Smoot, defendant's counsel, relative to said case, until the twenty-first day of May, 1880, when the office-boy of said Mr. Smoot, or some one representing him, called at the office of affiant, and said that Col. Smoot had sent him to affiant with a stipulation that a commission might issue in the case of *Dodge* v. *Ridenour* (meaning the above entitled cause), to take a deposition. Affiant replied that such stipulation had already been made in open Court, and to tell the colonel (Mr. Smoot meaning) to prepare his interrogatories, and that affiant would sign it when the interrogatories were settled. That said Mr. Smoot has never submitted any interrogatories in said cause to affiant, or to said Estee & Boalt. That affiant and said Estee & Boalt were at all times ready and willing to facilitate the taking of said deposition. That on said twenty-seventh day of May, 1880, plaintiffs and their counsel appeared in Court, and upon the calling of the calendar answered ready to said cause—and when the same was regularly reached on the calendar, was tried. Affiant denies that the said Mr. Smoot did not know of the order of the Court setting said cause for trial on the twenty-seventh day of May, 1880, for the reason that he was present in Court at the time the same was made and consented to it.

Affiant denies that plaintiffs did not contest defendant's motion for a continuance on said twenty-ninth day of April, 1880; but, on the contrary, affiant says that plaintiffs were at all times ready to proceed with the trial, and objected to every motion for continuance made by the defendant.

WALTER DICKINS, being duly sworn, deposes and says: That he is now, and at all the times hereinafter mentioned was, a bookkeeper of the plaintiffs. That he has always been present in Court when the above entitled cause has been called for trial, representing the plaintiffs. That plaintiffs have at all times been ready for trial, and have always objected to any and every continuance. That he was present in the court-room on the twenty-ninth day of April, 1880, when

said cause was reached and called for trial. That Mr. R. E. Wilson was present as counsel, representing the plaintiffs, and D. L. Smoot, Esq., was present, representing the defendant Crozier. That Mr. Smoot moved for a continuance, which motion Mr. Wilson opposed. That thereupon the Court ordered a contihuance, and by consent of both parties said cause was specially and peremptorily set for the twenty-seventh day of May, 1880. That the Court then and there remarked that the case must be tried on that day, and that Mr. Smoot must secure his testimony by that time. Mr. Smoot was present when said cause was set for the twenty-seventh day of May, 1880, and in open Court consented to the same.

W. B. SMITH, being duly sworn, deposes and says: That he is now, and at all the times hereinafter mentioned was, the Court-room Clerk of Department Two of the Superior Court, to which Court the above entitled cause was assigned. That the above entitled cause was specially set in said Court for the thirty-first day of March, 1880. That on said day, on motion of defendant's counsel, said cause was continued, and again specially set for the twenty-first day of April, 1880. That on said last mentioned day, said cause was answered ready by the plaintiffs. That subsequently, on the twenty-ninth day of April, 1880, when said cause was regularly reached on the day-calendar, the defendant announced that he was not ready, for the reason that he had not been able to secure the attendance of the defendant, W. B. Ridenour, and on account of sickness in the family of defendant Crozier. That thereupon the Court ordered a continuance, and set said cause peremptorily for the twenty-seventh day of May, 1880, with the understanding that defendant's counsel should secure the deposition of his absent witnesses; and to that end, plaintiffs' counsel waived, in open Court, the statutory notice, and consented that a commission might issue. That Mr. R. E. Wilson represented the plaintiffs, and Mr. D. L. Smoot represented the defendant; that Mr. Smoot was present when said cause was so peremptorily set. That affiant entered said order in his minutes.

M. J. O'NEILL, being duly sworn, deposes and says: That he is now, and at all the times hereinafter mentioned was,

a Deputy Sheriff in the city and county of San Francisco, and the bailiff of the Superior Court No. 2. That he was present in the court-room on the twenty-ninth day of April, 1880, when the above entitled cause was called for trial. That D. L. Smoot, Esq., moved for a continuance of the case, and thereupon the Court continued the case, and set the same peremptorily for the twenty-seventh day of May, 1880. That he remembers distinctly that the Court ordered the case to be set peremptorily, and that the Court said the case must be tried on that day. That Mr. Smoot was present when said order was made.

CHARLES CREIGHTON, having been duly sworn, deposes and says: That he is a clerk in the office of D. L. Smoot, attorney for the defendant Crozier in the above entitled action. That on or about the twenty-first day of May, 1880, there was placed in affiant's hands a writing in the following words and figures, viz.:

" Upon the application of Samuel Crozier, one of the defendants in the above entitled action, made by D. L. Smoot, his attorney, it is hereby ordered that a commission, to take the deposition of W. B. Ridenour, a witness on behalf of said Crozier, residing in the Territory of Arizona, be issued according to law—notice of this application having been waived by counsel for plaintiffs. Dated May  , A. D. 1880. Notice of above application waived. Dated May  , A. D. 1880.        , Attorney for Plaintiffs."

That affiant's principal directed him to take the aforesaid writing to plaintiffs' counsel and get them to sign the under-written waiver of notice. That affiant went to office of plaintiffs' counsel and saw Mr. R. E. Wilson and Mr. Estee. That Mr. Wilson refused to sign the said waiver of notice, and told affiant to tell Col. Smoot that " I (meaning Mr. Wilson) will not sign the waiver until I have seen the interrogatories." That he never told affiant that he (Mr. Wilson), or any one else, had waived the said notice. That neither Mr. Wilson, nor any one else, told affiant that the said cause had been set for trial on May 27, A. D. 1880, or any other date.

D. L. SMOOT, having been duly sworn, deposes and says: That no judgment was entered against said Ridenour on July

22, 1879, as is stated in the affidavit of R. E. Wilson, Esq., and that, according to affiant's information, no judgment was rendered or entered against said Ridenour until the judgment of May 27, A. D. 1880, was rendered against said Ridenour and Crozier. That when, in January, 1880, the said case was called and set for March 31st, Crozier was not present in person or by counsel. A jury trial had not been waived, and such setting was not consented to by Crozier or his representative, nor did either become aware of it until on or about March 31, 1880. That on March 31, 1880, the case was set for April 21st, to give affiant an opportunity to get Crozier and Crozier's only witness from Arizona. And the plaintiffs made no objections to the postponement when affiant agreed to waive a jury trial, and thereby advance the trial of a suit, which, because of the unsettled condition of the jury system, could not have been reached for a long time, as this Court was not then trying or preparing to try jury cases. While not assuming to question the accuracy of the recollections of Messrs. Wilson, Dickins, Smith, and O'Neill, as to what occurred on April 29, 1880, in this department, and while not pretending to be able to explain, and while not attempting to excuse the obliteration of those things from affiant's memory, yet it is true now, as it was at the making of affiant's former affidavits, that he had and still has no recollection different from what is stated in said last mentioned affidavits, and that by inadvertence he got under the impression that the case would not come up until after the close of the vacation. That no minute was made of the waiver by plaintiffs of the notice of application for an order authorizing a commission to take Ridenour's deposition. That Samuel Crozier returned to his home in Arizona Territory a few days after the summons in this case was served upon him. That he has remained from here ever since, and that for this reason affiant has been compelled to make the affidavits required by the practice in this case. That in this suit, affiant has sought only to secure his client a fair trial by taking the steps necessary to get the deposition of Ridenour, after learning that Ridenour refused to appear and testify, as he had promised to do. And that this affiant wishes and intends his affidavits to be read and received as simply his best recollections at the

time of making them, touching the matters therein mentioned.

The Court below denied the motion.

*D. L. Smoot,* for Appellant.

As to Crozier, the record shows a judgment obtained through accident, mistake, inadvertence, surprise, and excusable neglect. Section 473 declares that "The Court may, in furtherance of justice  *  *  *  relieve a party or his legal representative from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect." Dr. Worcester defines "inadvertence" to be, among other things, an "oversight;" an "involuntary accident;" "the effect of inattention." He defines mistake to be, among other things, a "slip," a "blunder."

An examination of the facts in the light of the statute and these definitions will show a case within both the letter and spirit of the remedy. On April 29th, Crozier's counsel, whilst engaged in the trial of another cause before another Judge, was required to appear and make response as to this. Being physically unable to try two cases at the same time, and absolutely unable to establish the defense without Ridenour's deposition, a postponement was asked. The case was set down for May 27, 1880. Ridenour's counsel returned to the department from which he had been hurried and resumed the trial therein depending. Vacation set in the day following, viz., April 30th. The order of the Court fixing the trial for May 27th passed entirely from the memory of Crozier's counsel; and with the resolution of the Judges as to vacation trials in mind, he got under the impression that this case would not come up until the close of vacation in July. While under this impression, viz., on May 21st, six days before the time of trial, he sent to the plaintiffs' counsel for a waiver of notice, the order to take Ridenour's deposition. The plaintiffs' counsel acted as if the trial was not imminent; as if there was ample time to take the deposition, and as if the case would not be reached before the close of vacation, when they expressed themselves as willing to sign the waiver upon the presentation of the interrogatories: Had there been a doubt in the mind of Crozier's counsel as to the case going

over until after vacation, this conduct of the plaintiffs' counsel would have removed it. The lapse of memory as to the day set for trial was an accident—an event "without design" and against the interests of the defendant.

Concluding from the answer of the plaintiffs' counsel, and the resolution of the Judges, that the case would not be tried until after vacation was a mistake—a "slip," a "blunder." Falling into the conviction that Crozier had until July 6th within which to procure Ridenour's deposition was an inadvertence—an "oversight," an "involuntary accident," an "effect of inattention."

The taking of the judgment on May 27th, after the plaintiffs' counsel had indicated by their answer on May 21st, that an effort to get Ridenour's deposition would not be in vain, was a surprise; because the conduct of the plaintiffs' counsel implied that no trial would take place within the time necessary to procure the deposition from Arizona. Relying upon the implication involved in the answer of plaintiffs' counsel was, under the circumstances, excusable neglect.

In the case of *Mosby* v. *Haskins et al.*, 4 Hen. & Munf. 427, relief was granted where the party had made the mistake of supposing that the summons served upon him was process in a pending chancery suit, instead of primal process in an action at law. In the case of *Howe* v. *Independence Co.*, 29 Cal. 72, V. E. Howard, the attorney of the moving party, like Crozier's counsel, was District Attorney, and much pressed by his civil and public business. Through inadvertence he got under the impression that an answer had been filed. Judgment by default was taken, but subsequently set aside upon an exhibition of merits and the foregoing facts. The order was affirmed on appeal. In *Francis* v. *Cox*, 33 Cal. 323, counsel for the defense knew that the summons was served on the eleventh, but in the midst of his professional cares fell into the conviction that the time to answer did not expire until the twenty-third. Upon a showing of these facts and merits an order vacating the default was made in the Court below and affirmed on appeal. At page 325 the Court says: "The judgment was opened on affidavits showing, substantially, that the failure to answer was by mistake." This mistake

and the one at bar are strikingly alike—both being errors arising from lapse of memory.

In the case of *McKinley* v. *Tuttle*, 34 Cal. 235, relief was granted by Judge S. B. McKee, and sustained by the Supreme Court, where the moving defendants got under the impression that W. H. L. Barnes had been retained to defend them. The order of Judge McKee speaks of it as "a mutual and honest mistake on the part of both of them (counsel and clients) as to the retainer of the said Barnes as attorney for them in the action." The plaintiffs had nothing to do with this mistake, and it rises no higher than the plane of inadvertence. The case at bar is a stronger one than this, as will appear upon comparison.

In *Watson* v. *S. F. & H. B. R. R. Co.*, 41 Cal. 17, the Court, at page 20, says: "Applications of this character are addressed to the discretion—the legal discretion—of the Court in which the default has occurred, and should be disposed of by it as substantial justice may seem to require. Each case must be determined upon its own peculiar facts, for perhaps no two cases will be found to present the same circumstances for consideration. As a general rule, however, in cases where, as here, the application is made so immediately after default entered as that no considerable delay to the plaintiff is to be occasioned by permitting a defense on the merits, the Court ought to incline to relieve. The exercise of the mere discretion of the Court ought to tend in a reasonable degree, at least, to bring about a judgment on the very merits of the case, and where the circumstances are such as to lead the Court to hesitate upon the motion to open the default, it is better as a general rule that the doubt should be resolved in favor of the application." *Watson* v. *S. F. & H. B. R. R. Co.* shows that the application was made on the day the default was entered, and that the only ground of the motion was that the defendant's secretary had been misled by a "printed sheet" as to the time when the suit was commenced. The motion to set aside was granted and upon appeal affirmed.

Now the summons was served upon the Secretary, and nobody better than he knew when it was served, and with the summons in his hand he needed no other and could have gotten no better information as to when the defense should be

made.   The information from the " printed sheet" as to when the suit was commenced furnished no light whatever as to when default would be taken, and yet the Court above set the judgment aside and the Court above declared that it was right so to do.   In the case on hand, an oral motion was made to set aside the judgment on the very day it was rendered, and the grounds upon which this written motion rests are far stronger than those in the last case cited.

In *Santa Barbara Live Stock and Farming Co.* v. *Thompson & Hall*, 46 Cal. 63, the default was set aside, and the ruling was sustained as to Hall upon the sole ground that he relied upon Thompson's promises to see him harmless in the litigation.   In *Ryan* v. *Mooney et al.*, 49 id. 33, the judgment was set aside upon the sole ground that the case was placed on the calendar after defendant's attorney had examined the calendar and left the court-room.   In the case of *Reidy* v. *Scott*, 53 id. 69, the sheriff returned that the summons was served as to Scott on April 25th.   Scott told his attorney that the service was on April 26th.   Answer not having been filed within ten days after April 25th, judgment by default was entered.   A motion to set aside was made and supported by the affidavits of Scott and his counsel.   Scott in his affidavit stated that he was under the belief that he had been summoned on the twenty-sixth.   The Court below refused to set aside the judgment, but the Court above reversed the ruling and remanded the cause, saying: "·We are satisfied that, under the views expressed in *Watson* v. *S. F. & H. B. R. R. Co.*, 41 Cal. 17, the Court should have granted the motion to open the default."   It is for such relief in the case at bar that we hopefully petition.   In the case of *Walsh* v. *Hutchings et al.*, 6 P. C. L. J. 592, an order setting aside a default where the defendant had neglected to file an answer in time was sustained, though a doubt existed as to the neglect being excusable. The Court was materially influenced by the merits of the defense and the views expressed in *Watson* v. *S. F. & H. B. R. R. Co.*

The plaintiffs' counsel cite in their brief the case of *Coleman* v. *Rankin*, 37 Cal. 248, and make it the occasion of an ungenerous assault upon a brother lawyer's chances of profes-

sional success. In the case at bar there was an obliteration
of memory—a misfortune that may overtake even the plaint-
iffs' counsel. It was not a negligence, a carelessness, or a
lack of diligence. It was a misfortune, in itself burdensome
enough without being stigmatized as "negligence, careless-
ness, and lack of diligence." Against the faults of memory
no man is perfectly secure. The black screen of oblivion
stands ready at the subtle touch of countless forces to obscure
that mirror of the mind called memory, at any time. In
*Coleman* v. *Rankin* there was not a lapse of memory, but a
pure and simple neglect to employ counsel and make defense
within ten days. And that distinguishes the case of *Coleman*
v. *Rankin* from the case at bar, and the cases *supra* of *Howe*
v. *Independence Co.; Francis* v. *Cox; McKinley* v. *Tuttle;*
*Watson* v. *S. F. & H. B. R. R. Co.,* and *Reidy* v. *Scott.*

View the case at bar as we may, the fact stands prominently
forth that there was a lapse of memory, and that the plaint-
iffs' counsel had it in their power to correct it, but they did
it not—preferring, it would seem, a judgment by default.
with all its infirmities, to a risk of a trial upon the merits.
The moral needs no finger-board. And now looking back to
the remarks of the Court in *Watson* v. *S. F. & H. B. R. R. Co.,*
it is respectfully and earnestly urged that this is one of those
cases in which the doubt, if any, should be resolved in favor
of giving Samuel Crozier a fair chance to show that he is in
no wise liable for the debts set up in the complaint, and that
his name and credit have been used without his authority,
express or implied ; and that he has derived no benefit what-
ever, proximate or remote, from the unauthorized transac-
tions.

*Estee & Boalt,* for Respondents.

We waited nearly a whole year for the trial of this cause;
three times we submitted to a continuance of it, on defend-
ant's application; finally, when it did come to trial, counsel
was not present—it was tried in his absence; and now he asks
for a new trial, on the sole ground that he forgot the case was
set for trial on the day it was tried, when, by his own show-
ing, had he been present he was not ready for trial, had not
taken any testimony, and could not have shown good ground

for a continuance. In a word, counsel asks this appellate Court to do for him what a Court of original jurisdiction, in the exercise of a wise discretion and knowing all the facts, refused to do. In addition to the cases cited in the brief on file, we beg to call the attention of the Court to the following:

In the case of *Davison* v. *Heffron*, 31 Vt. 689, counsel forgot the time of trial and neglected to attend. Upon motion to set aside the judgment the Court said, "It is not the business of the Courts to open anew a scene of litigation to relieve a party of his own gross carelessness. To hold that mere forgetfulness of the day of the Court was a good ground to set aside a judgment would be fraught with evil consequences, and we think does not come within the spirit of the law."

In the case of *Babcock* v. *Brown*, 25 Vt. 552, counsel forgot the day of the Court, and Bennet, J., delivering the opinion of the Court, held that the forgetfulness of the attorney was negligence, and his negligence must be regarded as the negligence of the party, and refused to set aside the judgment. In *Jones* v. *Leech*, 46 Iowa, 186, defendant sought to have a judgment vacated on the ground, among others, that the attorney he had employed had failed to appear and attend at the trial. The Court held, "The law regards the neglect of an attorney as the client's own neglect, and will give no relief from the consequences thereof." (See cases cited.) In *State of Iowa* v. *Elgin*, 11 id., 218, the Court held that forgetfulness of counsel was no excuse.

In *Field* v. *Matson*, 8 Mo. 686, it was held that a judgment by default will not be set aside on account of the mistake or negligence of the defendant's attorney. No distinction is made between the negligence of the party and the negligence of his attorney. In this Court in the case of *Bailey* v. *Taaffe*, 29 Cal. 423, the following principle was laid down: "Orders like the present (setting aside judgment) in legal parlance rest very much in the discretion of the Court below, and will not be disturbed by this Court unless we are satisfied that the order is so plainly erroneous as to amount to an abuse of discretion." This same principle was laid down in the following cases: *Roland* v. *Kreyenhagen*, 18 Cal. 445;

*Haight* v. *Green,* 19 id. 113; *Mulholland* v. *Heyneman,* id.
605; *Barrett* v. *Graham,* id. 632; *Woodward* v. *Backus,* 20
id. 137; *People* v. *O'Connell,* 23 id. 281; *Howe* v. *Independent Con. G. & S. Mining Co.,* 29 id. 72; *Coleman* v.
*Rankin,* 37 id. 249.   None of these cases have ever been reversed.   The case of *Watson* v. *S. F. & H. B. R. R. Co.,* 41
Cal. 17, cited by respondent and quoted from at some length
by appellant, in no wise modifies the principle above suggested.   Very properly the court says: "Each case must be
determined upon its own peculiar facts, for perhaps no two
cases will be found to present the same circumstances for
consideration."   In the Watson case the parties were misled
by an incorrect publication of the time of the commencement
of the suit appearing in a printed sheet regularly issued and
containing information of Court proceedings relied upon by
the business community.

In the case at bar the defendant had three opportunities of
trying his case, but at neither time from his own showing
was he prepared to go to trial.   It seems to us as though this
case is materially different from the one where a default had
been entered, for the reason that more than a year had
elapsed between the time issue was joined and the trial,
during which time the defendant could have been prepared
for trial, but that during all of that time no effort in that direction was made.   A very strong case in point is *Ekel* v.
*Swift,* 47 Cal. 620.

The COURT:

We think the Court below should have granted the motion
to set aside the judgment.   The case is within Section 473,
C. C. P.   The judgment and order are reversed, and the cause
is remanded for further proceedings with instructions, that a
new trial be granted.