[No. 12322.  Department Two. — March 19, 1890.]

MARIA O'CONNOR, Appellant, v. MARIA E. ELL-
MAKER et al., Respondents.

Vacation of Judgment — Failure to Appear at Trial — Insufficiency
of Showing — Discretion. — When a case was regularly set on the
trial calendar of the superior court, and after being regularly reached,
was continued once to a day certain, owing to the failure of plaintiff or
her attorney to appear, and was then tried in the absence of plaintiff and
her attorney, whereupon judgment was rendered for defendant, an affi-
davit of plaintiff's attorney showing that he did not think the case would
be reached so soon, and that he was deceived by mistaking the date of
the law journal in which the calendar was published daily, and did not
think the case would be heard on the day on which judgment was ren-
dered, does not make a sufficient showing of mistake, inadvertence, sur-
prise, or excusable neglect, to enable the appellate court to say that the
court below abused its discretion in denying a motion to vacate the
judgment.

Appeal from an order of the Superior Court of the
city and county of San Francisco refusing to vacate a
judgment.

The facts are stated in the opinion of the court.

*Sullivan & Sullivan*, for Appellant.

*William T. Baggett*, for Respondents.

McFarland, J. — This is an appeal from an order of
the superior court denying a motion of plaintiff to va-
cate and set aside a judgment rendered in favor of de-
fendants, on the ground that said judgment was taken
against defendants through their mistake, inadvertence,
surprise, and excusable neglect.

It appears from the certificate of the judge of the
superior court that the trial calendar of said court was
regularly called on August 30, 1886; that the case at bar
was on said calendar, and being regularly called, was
answered "ready"; that by order of the court then made,
five cases were set for each day; that the case at bar
was regularly reached on September 16, 1882, and that,

neither plaintiff nor her attorney being present, the trial was continued to September 20, 1886; and that, on said last-named day, plaintiff and her attorney being again absent, the case was taken up and heard, and judgment rendered for defendants. The excuse set forth in the affidavit of appellant's attorney is, that he did not think that the case would be reached so soon; that he was deceived by mistaking the date of a certain number of the San Francisco Law Journal, in which the calendars of the various courts of the city are published daily, and that he did not think that the case at bar would be heard on the said day when judgment was rendered. Under these circumstances we cannot say that the court below abused its discretion in denying the motion. The facts are essentially different from those of *Dodge* v. *Ridenour*, 62 Cal. 263, and the other cases cited by appellant.

Order affirmed.

THORNTON, J., and SHARPSTEIN, J., concurred.