[Civ. No. 2792.   Second Appellate District, Division One.—February 5, 1919.]

## WINIFRED F. MARR, Appellant, v. CITY OF GLENDALE et al., Respondents.

JUDGMENTS—MOTION TO VACATE—SURPRISE.—A plaintiff's motion to vacate a judgment against her on the ground of surprise under section 473 of the Code of Civil Procedure is properly denied where the alleged surprise consists of the trial court having made an order

during the trial permitting the defendants to amend their answer, thus raising new issues which she was not prepared to meet, when the defendants did not avail themselves of the permission granted but elected to stand upon their original answer.

ID.—ERRONEOUS RULINGS ON EVIDENCE—FINDINGS OUTSIDE ISSUES OR UNSUPPORTED BY EVIDENCE — REMEDY.—Erroneous rulings on the admission of evidence or claims of error based upon the fact that the findings are not within the issues, or are not supported by evidence, cannot be reviewed upon a motion to vacate the judgment under section 473 of the Code of Civil Procedure.

APPEAL from an order of the Superior Court of Los Angeles County. Louis W. Myers, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

Winifred F. Marr, *in pro. per.*, for Appellant.

W. E. Evans and Evans, Abbott & Pearce for Respondents.

SHAW, J.—Plaintiff appeals from an order of court denying her motion to vacate a judgment rendered against her upon the trial of an action.

The motion purports to have been made pursuant to the provisions of section 473 of the Code of Civil Procedure, and is based upon the ground of mistake, surprise, and excusable neglect, in support of which, other than the records and files, plaintiff offered affidavits.

As disclosed by the record, it appears that pending trial of the action the court made an order granting defendants leave to amend their answer by denying certain allegations of the complaint. Assuming the amendments to be made and after certain evidence was received thereunder, defendants withdrew their motion to amend and elected to stand upon their answer as made. Thereupon the court set aside the order permitting the amendment. The trial proceeded to completion, when findings were made adverse to the plaintiff and judgment rendered thereon for defendants.

From what we are able to glean from the confused statement of plaintiff, who appears *in propria persona*, she claims to have been prejudiced by the ruling of the court in permitting the amendment, thus raising new issues, to meet which she was not prepared. At the time, however, the court, recognizing that necessity therefor might arise, stated that he

would grant her time within which to procure her evidence touching the issues raised by the amended answer. Defendants' waiver of their right to amend, and their election to stand upon their answer, left the issues exactly as they were at the beginning of the trial; hence we are unable to see how plaintiff could have been surprised to her prejudice by the rulings of which she complains.

A further complaint is based upon the claim that, notwithstanding the admissions contained in defendants' answer, the court, upon the evidence received on the theory that the answer would be amended, based thereon certain findings adverse to plaintiff. Conceding this to be true, the error, if plaintiff was prejudiced thereby, could not be reached by a motion of this character. Her remedy was a motion for new trial or an appeal. The mere vacation of the judgment, which she sought, would leave the findings standing upon a completed trial upon which it would be the duty of the court to enter judgment in accordance therewith, and that necessarily and concededly must be adverse to plaintiff. Section 663 of the Code of Civil Procedure provides for the vacation of a judgment and the entering of a new one where it is not in accordance with the findings; but that is not this case. Appellant, conceding the findings to be adverse to her, simply asks that the judgment be vacated. While appellant may have just cause for complaint, due to erroneous rulings made by the court in the course of the trial, or based upon the fact that the findings are not within the issues or not supported by the evidence, such errors cannot be reviewed upon a motion to vacate the judgment, made under section 473 of the Code of Civil Procedure, on account of excusable neglect, inadvertence, or surprise.

The order is affirmed.

Conrey, P. J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on April 3, 1919.

Angellotti, C. J., Shaw, J., Melvin, J., Lawlor, J., Wilbur, J., and Lennon, J., concurred.