[Civ. No. 16035.   Second Dist., Div. Three.   May 17, 1948.]

ALLAN C. NICHOLSON, Respondent, v. DELLA M. NICHOLSON, Appellant.

[6]N.Y. Law Journal, Feb. 28, 1930.

Benjamin & Lieberman for Appellant.

Moidel, Moidel, Moidel & Smith for Respondent.

SHINN, Acting P. J.—Della M. Nicholson, defendant and cross-complainant, appeals from an order denying her motion to vacate an interlocutory decree of divorce. The ground of the motion was that she was absent from the trial because she had been advised and believed that the court would grant a motion for continuance upon a showing that she was ill in Denver and had been advised by a physician not to make a trip to Los Angeles to attend the trial. On the motion to vacate she filed certain affidavits which she claims proved that her absence from the trial was due to mistake, inadvertence, surprise and excusable neglect. She made a sufficient showing that she had a meritorious defense and cause of action for separate maintenance and that both depended principally upon testimony she would have given had she been present at the trial.

The interlocutory decree was rendered October 22, 1946; appellant's motion to vacate was filed January 8, 1947, and was denied shortly thereafter. No appeal was taken from the interlocutory decree and no showing was made of reasons for not taking an appeal. Appellant's present counsel did not represent her in the trial court.

Respondent objects to a consideration of the appeal on the merits, relying upon the rule that an appeal may not be taken from an order refusing to vacate a judgment or an order which is itself appealable. The rule he invokes is applicable

to situations where the grounds upon which it is sought to vacate the judgment existed before the judgment was rendered. (*Litvinuk* v. *Litvinuk*, 27 Cal.2d 38 [162 P.2d 8].) A claim of error in denying a motion for a continuance under such circumstances would be considered on an appeal from the judgment and consequently would be nonappealable. But we are not considering the propriety of the order denying the continuances. The question here is the one that was before the court on the motion to vacate the judgment, namely, whether appellant made a sufficient showing for relief under section 473, Code of Civil Procedure, although we are, of course, under a duty to abide by the ruling of the trial court unless we are satisfied that in denying the motion the court was guilty of an abuse of discretion.

The motion for continuance was made on the morning of the trial. Among the moving papers were a letter dated October 9, from appellant to her then attorneys in Los Angeles, written from Denver, stating that on account of ill health she would be unable to be present at the trial on October 22, "that it would be a physical hardship at this time to travel," and asking her attorneys to obtain a continuance of from 60 to 90 days; a copy of a letter from the attorneys dated October 11, stating, "we wish you would obtain an affidavit from your doctor setting forth all of the facts showing your inability to be present"; a writing dated October 16, signed and "acknowledged" before a notary public, by T. A. Triplett, M. D., addressed "to whom it may concern," reading as follows : "Mrs. Della Nicholson is under my treatment for hypotension, nervousness, insomnia and constipation. Her trouble developed after an operation at the age of forty seven. Due to her low pressure she has attacks of vertigo upon exertion and upon arising from the recumbent position. She informs me that she contemplates a trip but my advice is that at the time she should not travel." This was all the showing that was made on the motion for a continuance. It appears from an affidavit of respondent's counsel, filed on the motion to vacate the judgment, that the calendar judge denied the motion, stating, "the Doctor's affidavit shows nothing substantially wrong with Mrs. Nicholson's health except what most clients in litigation suffer before trial." The additional affidavits which accompanied the motion to vacate the judgment amplified to some extent the showing of appellant's illness. In her affidavit she stated that on the date of the trial she was under the care of Dr. T. A. Triplett; that at the time of the trial she was and had been

for some 10 days confined to her bed; that she was suffering from vertigo which caused her to lose her balance and fall at frequent intervals; and that her physician advised her that to travel in that condition would be definitely dangerous. She further stated that she consulted two attorneys in Denver as to her right to a continuance and her prospect of getting one in view of her physical condition, and that she was advised by them that she was entitled to a continuance, and that there was no doubt that one would be granted. She stated that she relied upon such advice. Appellant filed an affidavit of a friend in Denver stating that on October 14, appellant informed him by telephone of her illness and the forthcoming trial, and that pursuant to her request that he obtain a physician for her, he brought Dr. T. A. Triplett to appellant's home and waited outside in his car while the doctor interviewed appellant. An affidavit was filed by Dr. Triplett, stating that he had told appellant on October 14 that it would be ill-advised, and possibly dangerous, for her to take a trip. In his affidavit he described plaintiff's ailments as they had been described in his letter, with the exception of the alleged vertigo, of which he made no mention.

We must assume that the inferences drawn from the affidavits upon which the motion was based were those which tend most strongly to support the order. It would have been a reasonable inference that appellant was not physically unable to attend the trial. When she wrote to her attorneys she did not state that she was confined to her bed, or that she was under the care of a physician. Although the physician stated in the letter that he wrote that he was attending appellant, it was shown by an affidavit filed later that he was attending her at the time only for the purpose of aiding her to make a showing for a continuance. It would have been reasonable to infer also, from the fact that appellant consulted attorneys in Denver, that she was intending to go to Los Angeles if the attorneys advised her to do so. There would have been no purpose in consulting the attorneys if she had already made up her mind not to take the trip. We therefore assume that the trial court believed that appellant, although able to attend the trial was willing to run the risk that the court might deny her motion for a continuance. Upon this state of facts denial of the motion to vacate the judgment was not an abuse of discretion. We think it was an order that was properly made under the circumstances. ■ A litigant who fails to attend court on the day of his trial for the simple reason that he

believes his attorney will succeed in securing a continuance cannot claim either mistake or surprise, within the meaning of section 473, Code of Civil Procedure, if a continuance is refused. It would be absurd to countenance or encourage practices of that sort. Litigants must be prepared to meet adverse rulings at any and all stages of the proceedings. If this were not true, orderly procedure would be disrupted by resort to section 473 for the correction of all manner of mistakes. In holding that an unexpected ruling of the court in the decision of a case does not result in surprise within the meaning of section 473, the court said, in *Porter* v. *Anderson*, 14 Cal.App. 716, 726 [113 P. 345], "in our opinion it would be the very limit of unreasonableness to hold that where a party, under the advice of his attorney, has acted upon an erroneous conception of the law, and suffers the injury which would be the natural and inevitable result thereof, he may be relieved of his untoward situation on the ground that he was taken by 'surprise' by reason of the fatal error into which he had thus been led." (See *Marr* v. *City of Glendale*, 39 Cal.App. 596 [179 P. 712]; *Hughes* v. *Wright*, 64 Cal.App.2d 897 [149 P.2d 392]; *O'Connor* v. *Ellmaker*, 83 Cal. 452 [23 P. 531].)

The order is affirmed.

Wood, J., and Vallée, J. pro tem., concurred.