[Civ. No. 449.   First Appellate District.—October 14, 1907.]

CARL THOMAS, Petitioner, v. SUPERIOR COURT, ETC., FOR THE CITY AND COUNTY OF SAN FRANCISCO, and HON. E. P. MOGAN, Judge Presiding in Department No. 7 Thereof, Respondents.

JUDGMENT BY DEFAULT—ORDER REFUSING TO VACATE—DISMISSAL OF APPEAL—SECOND MOTION TOO LATE—PROHIBITION.—Where an order refusing to vacate a judgment by default was appealed from and the appeal dismissed by consent, such order thereby became final. But it seems, notwithstanding its finality, that a second motion might be made to vacate the judgment within six months after its entry, under section 473 of the Code of Civil Procedure; yet, where a notice within that time was given of a motion to be made the day after its expiration, the court had no jurisdiction to grant it, and prohibition will lie to prevent the granting of it. (By supreme court in denying rehearing.)

PETITION for writ of prohibition to the Superior Court of the City and County of San Francisco. E. P. Mogan, Judge.

The facts are stated in the opinion of the court.

S. C. Wright, and Robinson & Robinson, for Petitioner.

Mastick & Partridge, for Respondents.

COOPER, P. J.—Application for a writ of prohibition. The facts, as stated in the verified petition, and not denied, are as follows:

Petitioner commenced an action in the superior court against the California Fruit Distillery Association, E. Goldberg and others, for the purpose of recovering judgment upon the facts stated in his complaint, whereupon a summons was duly issued and served. A demurrer which had been interposed by defendants above named was overruled, and said defendants were allowed ten days in which to answer. On January 16, 1907, the said defendants having failed to answer, their default was entered, and on the following day judgment was entered upon such default against Goldberg for $1,179.10, and against the California Fruit Distillery Association for $1,180.83. On the twenty-fifth day of January, 1907, the said defendants named served and filed a notice of motion to set aside the default and judgment so entered against them, and the matter coming regularly on for hearing on June 6, 1907, the court duly made an order denying the motion to set aside the default and judgment, which order was duly entered. On July 12, 1907, the said defendants served upon plaintiff a notice of appeal from the said judgment, and from the order refusing to vacate the same and set aside the default. Appeal was perfected by filing the notice and giving the proper undertaking.

On July 13, 1907, the said defendants served and filed, without permission of the court, a second notice of motion, to the effect that on the nineteenth day of July, 1907, they would move the court to set aside the said default, and vacate the said judgment in said action.

On September 14, 1907, the said appeals of said defendants from the judgment and order refusing to set aside said de-

fault, were by the written request of said defendants' attorneys, dismissed by this court, and said dismissal duly entered of record.

The said superior court is about to proceed, and unless prohibited, will proceed to hear the said second application to vacate said judgment, and set aside said default. The only question is as to the jurisdiction of the superior court to hear and determine the said second motion.

The judgment entered in the superior court became, when entered, valid and binding upon the parties, and it would so continue unless set aside or reversed by the court in which it was entered, or by some appropriate proceeding on appeal, or by a direct attack in a court having jurisdiction. The dismissal of the appeal in this court was not made without prejudice. In such case it was in effect an affirmance of the judgment and of the order refusing to set aside the default. (Code Civ. Proc., sec. 955; *Ritzman* v. *Burnham,* 114 Cal. 522, [46 Pac. 379].) The motion to set aside the default, having thus been affirmed in this court, became final between the parties, and *res adjudicata.* (*Wheeler* v. *Eldred,* 137 Cal. 37, [69 Pac. 619].) Having once been fairly before the court, and adjudicated between the parties, it cannot afterward be litigated even upon grounds not disclosed in the former motion. (*Greer* v. *Greer,* 142 Cal. 523, [77 Pac. 1106].) In this case the defendants were given due notice, and the right to appear and defend, when the summons was served upon them. After their demurrer was overruled they were given time to answer. When their time for answering had expired and judgment entered against them by default, they availed themselves of the right given them by the law to move for relief from the default. The court heard them and the evidence offered in support of their motion. Then and there was the time to fully show all the facts that might in any way have excused their default, whether by inadvertence, mistake or excusable neglect. The court decided against them on this motion, and the decision has been affirmed. It must be presumed to be correct. It cannot again be appealed from, nor can the trial court again review it. If a trial court, after a judgment has become final, can set it aside or relieve from it, there would be no end of the matter. The case of *Kirby* v. *Superior Court,* 68 Cal. 604, [10 Pac. 119], is conclusive of this.

The writ is made peremptory, and the superior court of the city and county of San Francisco, and Hon. E. P. Mogan, one of the judges thereof, are commanded to refrain from further proceedings in the matter of hearing said motion.

Kerrigan, J., and Hall, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 12, 1907, and the following opinion was then rendered thereon:

THE COURT.—The petition for rehearing in this court after decision in the district court of appeal is denied. In denying the application we do not wish to be understood as giving assent to the proposition that a trial court has not jurisdiction to entertain a second application for relief from a judgment, made in due time under section 473, Code of Civil Procedure, although it had denied the former application, and its ruling thereon had been affirmed on appeal. In the case at bar, the second application, the hearing of which is prohibited by the judgment of the court of appeal, was not *made* within the time prescribed by section 473, Code of Civil Procedure, the only thing done in the matter prior to the expiration of the six months being the serving and filing of a notice of motion that such application would be made on a day after the expiration of the six months. This was not the making of the application within six months (*Spencer* v. *Branham*, 109 Cal. 339, [41 Pac. 1095]), and the trial court could not properly grant the application.