[Civ. No. 2743. Second Appellate District, Division One.—December 3, 1918.]

## L. D. TIMMONS, Respondent, v. L. E. COONLEY, Appellant.

APPEAL—ORDER DENYING VACATION OF DEFAULT.—An order denying a motion to vacate a default is not an appealable order.

PLEADING—OVERRULING OF DEMURRER—TIME TO ANSWER.—When a demurrer to a pleading is overruled and time to answer is given, the time so given runs from written service of notice of the order.

Id.—Waiver of Written Notice.—Where written notice is required by
the statute, actual notice or actual knowledge thereof is not the
equivalent thereof or a substitute therefor, but the party for whose
benefit the notice is so required may waive the same.

Id.—Extension of Time to Answer — Effect of Stipulation.—A
written stipulation that the defendant may have a certain time
in which to serve and file her answer and cross-complaint operates
as a waiver of notice of the overruling of her demurrer to the
complaint, but such waiver is not retroactive, and does not become
effective as of the date of the order overruling the demurrer, but
is effective to take the place of the written notice required by the
statute only at the time when the acts which constitute it were
performed.

Unlawful Detainer—Pleading—Cross-complaint and Counterclaim.
A counterclaim or cross-complaint is neither proper nor permissible in an action in unlawful detainer.

APPEAL from a judgment of the Superior Court of Los
Angeles County. J. P. Wood and Stanley A. Smith, Judges.
Reversed.

The facts are stated in the opinion of the court.

Elon G. Galusha, William Freeman and A. G. Reily for
Appellant.

J. F. Clark for Respondent.

MYERS, J., *pro tem.*—This is an action of unlawful detainer after default in payment of rent and the service of a
three days' notice to pay rent or quit. Defendant takes this
appeal, first, from an order entered January 19, 1915, denying
defendant's motion to vacate the entry of her default and
permit the filing of an answer; second, from the judgment
entered against her January 22, 1915; third, from an order
entered January 26, 1915, denying her motion for a default
judgment against the plaintiff on her cross-complaint.

The appeal from the order denying defendant's motion to
vacate the default cannot be here considered for two reasons:
1. Being an order made before judgment, it was not an
appealable order. (Code Civ. Proc., sec. 963.) 2. No copy
of the order attempted to be appealed from is in the record.
(Code Civ. Proc., sec. 951.)

The judgment appealed from is a judgment by default for
failure to answer after an order overruling defendant's de-

murrer to the complaint. The demurrer to the third amended complaint was overruled January 11, 1915, and defendant given three days to answer. No written notice thereof was served or filed and there was no express waiver of such notice. On January 14th the parties, through their attorneys, stipulated "that the defendant have to and including Saturday, January 16, 1915, in which to serve and file her answer and cross-complaint." Said stipulation was filed January 15th. On January 16th a copy of the answer and cross-complaint was served on counsel for plaintiff, but not filed. On Monday, January 18th, the clerk entered defendant's default pursuant to an order therefor made by the presiding judge. Later, on the same day, the defendant tendered to the clerk, for filing, her answer and cross-complaint, which were refused. Thereupon, upon the same day, the defendant served and filed her notice of motion to set aside the entry of default, which motion is asserted by counsel to have been heard and denied on January 19th; but, as stated above, no such order appears in the transcript. Thereafter the judgment here appealed from was signed and filed January 21 and entered January 22, 1915.

When a demurrer to a pleading is overruled and time to answer is given, the time so given runs from the service of notice of the order. (Code Civ. Proc., sec. 476.) The notice here required is a notice in writing. (Code Civ. Proc., sec. 1010.) Where written notice *is required by the statute,* actual notice or actual knowledge thereof is not the equivalent thereof or a substitute therefor; nevertheless the party for whose benefit the notice is so required may waive the same. As was said by the supreme court in *Mallory* v. *See,* 129 Cal. 356, at page 359, [61 Pac. 1123]: "The rule would therefore seem to be that written notice of filing of decision is in all cases required, unless waived by facts appearing in the records, files, or minutes of the court; and it follows that actual notice or knowledge, other than by written notice, is insufficient in any case unless it appears, from facts thus evidenced, that written notice was waived." (See, also, *Forni* v. *Yoell,* 99 Cal. 173, [33 Pac. 887], *Gardner* v. *Stare,* 135 Cal. 118, [67 Pac. 5], and *Wall* v. *Heald,* 95 Cal. 364, [30 Pac. 551].) It is clear under these authorities that defendant's time to answer did not begin to run from the date of the overruling of the demurrer. Respondent contends that the signing by

defendant of the written stipulation, which was thereafter filed in the case, operated as a waiver of the notice required by the statute. We think that this contention is correct. But it does not follow that the waiver thus made was retroactive and became effective as of the date of the order overruling the demurrer. The waiver became effective to take the place of the written notice required by the statute only at the time when the acts which constitute it were performed; in other words, when the stipulation was signed on January 14, 1915. The defendant then had three days from and after that time within which to serve and file her answer. The third day was Sunday, January 17th, and she, therefore, had all of Monday, January 18th, in which to file her answer. (Code Civ. Proc., sec. 13.) She tendered the same for filing on that day and, therefore, was not in default, from which it follows that her default on that day was prematurely entered and the judgment predicated thereon erroneous. The circumstance that the time to answer as limited by the terms of the stipulation expired on the 16th, we deem to be immaterial, for the reason that the stipulation obviously was not intended to *shorten* defendant's time for answer, but was entered into by both parties upon the erroneous assumption that her time to answer would otherwise have expired on the 14th.

The order denying defendant's motion for a default judgment against the plaintiff for failure to answer her cross-complaint was properly made. "It is the law in this state and also in other jurisdictions where unlawful detainer statutes are in terms or essentially similar to our own that a counterclaim or cross-complaint of any kind or character is neither proper nor permissible in actions in unlawful detainer." (*Knight* v. *Black*, 19 Cal. App. 518, at p. 527, [126 Pac. 512], and cases there cited.)

The judgment is reversed and the case remanded to the superior court, with directions to vacate and set aside the entry of default against the defendant and to permit the defendant to file her answer herein as of date January 18, 1915.

Conrey, P. J., and James, J., concurred.