[Civ. No. 4250. Third Appellate District.—January 12, 1931.]

D. A. McNEILL, Respondent, v. CARL O. WHEAT, Appellant.

Burr A. Brown for Appellant.

Willis I. Morrison for Respondent.

MR. JUSTICE PLUMMER DELIVERED THE OPINION OF THE COURT.—This is an appeal from an order denying a motion to set aside a default judgment.

The record in this case shows that on the fourteenth day of August, 1925, the plaintiff was injured by an automobile driven by the defendant. The action herein was begun on

the twelfth day of August, 1926; summons was served on the defendant on the seventeenth day of August, 1926, personal service being made upon the defendant in the county of Orange, by delivering to and leaving with the defendant a true copy of the summons attached to a true copy of the complaint in said action. The record shows that the service was made by a person duly qualified to make such service. Thereafter, no appearance having been made by the defendant, on the twentieth day of September, 1926, default was entered in said action, and on April 5, 1927, after the hearing of witnesses in open court, judgment was entered against the defendant in the sum of $3,012. Thereafter, and on November 25, 1927, defendant moved to vacate the judgment on the ground of defendant's mistake, inadvertence, surprise or excusable neglect, and upon the ground that the judgment was obtained by extrinsic fraud. The record shows that this motion was made more than six months after the entry of the judgment, and was therefore too late to give the court jurisdiction to set aside the default on either the ground of mistake, inadvertence, surprise, or excusable neglect, as provided for in section 473 of the Code of Civil Procedure. While the return of the summons erroneously stated the service of summons in the county of Los Angeles, the record shows that service was actually made in the county of Orange, but more than thirty days elapsed after service before the default of the defendant was entered. The affidavit filed by the appellant in support of his motion establishes the fact of service of summons in all particulars as required by sections 410 and 411 of the Code of Civil Procedure, and what we have said in the case of "Carl O. Wheat, Plaintiff and Appellant, v. D. A. McNeill, Defendant and Respondent", in an opinion this day filed, being Civil No. 4228 (ante, p. 72), applies to the service of summons, and also as to the failure of the appellant to set forth any facts justifying the setting aside of the default judgment.

On the ground of fraud, for the reasons stated in the opinion in the case to which we have referred, the order appealed from in this action is affirmed.