[Civ. No. 17051. Second Dist., Div. Two. Nov. 22, 1949.]

LOUISE HOESCHEN BERILLA, Respondent, v. HUGH O. POPE et al., Defendants; JAMES L. SAMPSELL, Appellant.

Walter Gould Lincoln for Appellant.

James S. Jarrot for Respondent.

McCOMB, J.—From an order denying a motion of defendant Sampsell, (1) to vacate and set aside a judgment theretofore entered against him, and (2) for permission to file an answer to the complaint, said defendant appeals.

FACTS: The default of defendant Sampsell was entered October 2, 1942, of which fact he and his counsel were apprised on September 17, 1943. On July 5, 1945, a default judgment was entered against him. He took no action to set aside the default until August 8, 1947, when he filed a notice of motion for dismissal of the action because it had not been brought to trial within five years. This motion was denied August 14, 1947. On February 21, 1948, a motion was made to set aside the default judgment, which was denied March 2, 1948. On September 16, 1948, he filed the present motion which was denied October 29, 1948. Defendant was absent from the state for a considerable period of time after his default had been entered.

■ QUESTION: *Did the period that defendant was absent from the state toll the six-month period provided in section 473, Code of Civil Procedure, limiting the time in which a court may grant relief from an order or judgment taken against a party through his mistake, inadvertence, surprise or excusable neglect?*

This question must be answered in the negative. It is obvious that it would be unjust to permit a defendant who had been duly served with process in this state to prevent plaintiff from taking further proceedings against him by simply absenting himself from the jurisdiction of the court. Section 473 Code of Civil Procedure, means exactly what it says: that an application for relief pursuant to its provisions ''must be made within a reasonable time, in no case exceeding six months after such judgment, order'' or other proceeding has been taken. (*Cf., Smith* v. *Jones,* 174 Cal.513, 516 [163 P. 890]; *Barnett* v. *Reynolds,* 124 Cal.App. 750, 751 [13 P.2d 514.].)

AUTHORITIES RELIED ON BY DEFENDANT: *Timmons* v. *Coonley,* 39 Cal.App. 35, 36 [179 P. 429], is not applicable to the present case for in the cited case the appeal was directly from a default judgment and the trial court held that the default had been erroneously entered. *Potts* v. *Whitson,* 52 Cal. App.2d 199 [125 P.2d 947], is likewise inapplicable. In such case the motion to set aside the judgment was made less than six months after its entry, and the court held the entry of the default ''was wholly void and subject to expungement at any time.'' Clearly this case is factually distinguishable from the present one. *Bartell* v. *Johnson,* 60 Cal.App.2d 432 [140 P.2d 878], and *Hallett* v. *Slaughter,* 22 Cal.2d 552 [140 P.2d 3], are not applicable to the facts in the present case for the reason that in each of these cases there was instituted an independent action in equity to set aside a previous decree on the ground of a mistake of fact. These cases are likewise factually distinguishable from the instant one.

Since the entry of defendant's default and the judgment predicated thereon were made and entered several years before the present motion was made, the motion came entirely too late and was properly denied.

Affirmed.

Moore, P. J., and Wilson, J., concurred.