VALLÉE, J.
 

 Appeals by plaintiff from an order denying a motion to vacate a judgment and from an order denying a motion for reconsideration of that order.
 

 The action was for wrongful death. The cause was tried by a jury which returned a verdict for defendants. Judgment on the verdict was entered Januarj^ 30, 1958. No motion for a new trial was made. No appeal was taken from the judgment and it became final.
 

 On July 18, 1958, plaintiff filed a notice of motion under section 473 of the Code of Civil Procedure for relief from the judgment, asserting it was entered by mistake. The mistake alleged was that the court had erred in instructing the jury on unavoidable accident, effect of accident alone, and imminent peril. It was averred that under
 
 Butigan
 
 v.
 
 Yellow Cab. Co.,
 
 49 Cal.2d 652 [320 P.2d 500], it was prejudicial error to have instructed on unavoidable accident. In an affidavit of plaintiff filed in support of the motion it was stated that after judgment had been entered, her then attorney advised her that in his opinion “there would be no useful purpose to be served by filing a motion for a new trial, or by appealing the judgment to an Appellate Court, or by taking any further action in the matter, ’ ’ and in reliance on such advice she took no further action until May, 1958, when she consulted her present counsel, who advised her it appeared that error had been committed in the giving of the instructions to the jury. The motion was denied by minute order on Judy 24, 1958. The order was entered in the permanent minutes on July 28, 1958.
 

 On August 6, 1958, plaintiff filed a notice of motion for reconsideration of the order of July 24. In support of this motion plaintiff filed an affidavit of her present counsel, a memorandum filed in support of the previous motion, and a partial reporter’s transcript of the proceedings on the trial of the action. This motion was denied by minute order on August 26, 1958.
 

 The notice of appeal from both minute orders was filed September 30, 1958. The appeal from the order of July 24, 1958, was not timely and must be dismissed. The notice of appeal from that order was filed more than 60 days after the order was entered in the permanent minutes. No
 
 *142
 
 tice of appeal “shall be filed within 60 days from the date of entry of the judgment.” (Rules on Appeal, rule 2a; 36 Cal.2d 1.) “For the purpose of this ruling: . . . The date of entry of an appealable order which is entered in the minutes shall be the date of its entry in the permanent minutes, unless such minute order as entered expressly directs that a written order be prepared, signed and filed, in which ease the date of entry shall be the date of filing of the signed order.” (Rules on Appeal, rule 2b.) The minute order of July 24, 1958, did not direct the preparation of a written order. The time in which to file a notice of appeal from that order commenced to run on July 28, and the last day for filing same was September 26, 1958. It follows that the notice of appeal from the order of July 24, 1958, was not filed in time.
 

 Compliance with the requirement as to the time for taking an appeal is mandatory, and the court is without jurisdiction to consider one which has been taken subsequent to the expiration of the statutory period.
 
 (Estate of Hanley,
 
 23 Cal.2d 120, 122 [142 P.2d 423, 149 A.L.R. 1250]; 3 Within, California Procedure, 2170, § 26.)
 

 Defendants question whether the minute order of August 26, 1958 is appealable. It is appealable.
 
 (Harth
 
 v.
 
 Ten Eyck,
 
 12 Cal.2d 709, 710 [87 P.2d 693];
 
 Harth
 
 v.
 
 Ten Eyck,
 
 16 Cal.2d 829, 832 [108 P.2d 675].) In
 
 Bice
 
 v.
 
 Stevens,
 
 160 Cal.App.2d 222 [325 P.2d 244], this court stated (p. 225):
 

 “The former general rule permitted only one motion under section 473 of the Code of Civil Procedure, and once the court ruled on such motion its power with respect to the judgment ceased. The basis for the rule was that to permit a renewal after a previous denial would result in uncertainty as to the status of the judgment; that if a trial court could vacate one denial, why not a second, a third, ad infinitum? It was said that in the interests of expeditious handling of litigation there should be a definite limitation on the power of the trial court to set aside its own orders. (See eases collected 30 Cal.L.Rev. 74.) However, the rule fell with
 
 Harth
 
 v.
 
 Ten Eyck,
 
 16 Cal.2d 829 [108 P.2d 675], in which the court held, on facts similar to those at bar, that where the trial court considered a second motion under section 473 to set aside a dismissal with prejudice as to one defendant as a renewal of the motion to set aside its previous order of denial, the order granting the second motion was tantamount to permission to renew the motion to set aside, and it was appealable. (Also see
 
 Harth
 
 v.
 
 Ten Eyck,
 
 12 Cal.2d 709 [87 P.2d 693];
 
 Imperial Beverage Co.
 
 v.
 
 Superior Court,
 
 24 Cal.2d 627, 634 [150 P.2d
 
 *143
 
 881];
 
 Beyerbach
 
 v.
 
 Juno Oil Co.,
 
 42 Cal.2d 11, 29 [265 P.2d 1];
 
 Hover
 
 v.
 
 MacKenzie,
 
 122 Cal.App.2d 852, 857 [266 P.2d 60];
 
 Stephens
 
 v.
 
 Baker & Baker Roofing Co.,
 
 130 Cal.App.2d 765, 773 [280 P.2d 39];
 
 Dahlin
 
 v.
 
 Moon,
 
 141 Cal.App.2d 1, 4 [296 P.2d 344].)”
 

 Application for relief from a judgment “must be made within a reasonable time, in no case exceeding six months” after the judgment was taken. (Code Civ. Proc., § 473.) When application is not made within the six-month period the court is without jurisdiction to grant relief from a judgment taken through mistake.
 
 (Solot
 
 v.
 
 Linch,
 
 46 Cal.2d 99, 105 [292 P.2d 887].)
 

 In
 
 Thomas
 
 v.
 
 Superior Court,
 
 6 Cal.App. 629 [92 P. 739], judgment was entered on January 17, 1907. A motion to vacate the judgment was made and denied June 6, 1907. On July 12 the losing party filed a notice of appeal from the judgment and the order refusing to vacate it. On July 13, 1907, a second notice of motion to vacate the judgment was filed. On September 14, 1907, the appeal was dismissed at the request of the appellant. The proceeding before the District Court of Appeal was prohibition to restrain the superior court from hearing the second application to vacate the judgment. That court held that dismissal of the appeal was in effect an affirmance of the order refusing to vacate, that it was res judicata, and that the trial court could not again review it. The judgment of the District Court of Appeal was that prohibition issue. In denying a hearing the Supreme Court stated (p. 632) :
 

 “The petition for rehearing in this court after decision in the district court of appeal is denied. In denying the application we do not wish to be understood as giving assent to the proposition that a trial court has not jurisdiction to entertain a second application for relief from a judgment, made in due time under section 473, Code of Civil Procedure, although it had denied the former application, and its ruling thereon had been affirmed on appeal. In the case at bar, the second application, the hearing of which is prohibited by the judgment of the court of appeal, was not
 
 made
 
 within the time prescribed by section 473, Code of Civil Procedure, the only thing done in the matter prior to the expiration of the six months being the serving and filing of a notice of motion that such application would be made on a day after the expiration of the six months. This was not the making of the application within six months
 
 (Spencer
 
 v.
 
 Branham,
 
 109 Cal.
 
 *144
 
 339 [41 P. 1095]), and the trial court could not properly grant the application.”
 
 [1]
 

 A motion renewed after denial must come within the six-month period. (3 Within, California Procedure, 2110, § 58;
 
 Berilio
 
 v.
 
 Pope,
 
 94 Cal.App.2d 743 [211 P.2d 639].)
 

 The second motion was filed more than six months after the entry of judgment. It was a new motion to vacate the judgment. While it was a renewal of the first motion in a sense, it was based on facts which were not before the court at the hearing of the first motion. Since the second motion for relief was made after the prescribed period had expired, the court was without jurisdiction to act.
 

 The appeal from the minute order of July 24, 1958 is dismissed. The minute order of August 26, 1958, is affirmed.
 

 Shinn, P. J., and Ford, J., concurred.
 

 [1]
 

 Prior to 1953 the notice of motion under section 473 did not constitute the making of the motion. The motion had to be made in open court within the six-month period. In 1953 section 1005.5 was added to the Code of Civil Procedure providing: “A motion upon all the grounds stated in the written notice thereof is deemed to have been made and to be pending before the court for all purposes, upon the due service and filing of the notice of motion, but this shall not deprive a party of a hearing of the motion to which he is otherwise entitled. Procedure upon a motion for new trial shall be as otherwise provided.” At bar the second notice of motion was not filed until after the six-month period had expired.