[Civ. No. 18842.   First Dist., Div. One.   May 9, 1960.]

EDMOND BECSEY, Appellant, v. HERMAN W. BOLTE, Respondent.

Carroll F. Jacoby for Appellant.

Herman W. Bolte, in pro. per., for Respondent.

BRAY, P. J.—Plaintiff appeals from an order vacating default and default judgment, pointing out that the motion to set aside the default and the default judgment (on the ground of mistake, inadvertence, surprise and excusable neglect) was made more than six months after the default was entered, and therefore the court had no jurisdiction to set aside the default and default judgment. Defendant has filed no brief.

Defendant's default for failure to answer the summons and complaint was entered September 4, 1957. The judgment was entered November 18, 1958. The notice of motion to set aside the default and default judgment was filed January 13, 1959, and the motion was made January 26, 1959, both over 16 months after entry of default.

The application for relief was made under section 473, Code of Civil Procedure.   ▮  "It is well settled that relief may not be granted under section 473 after the expiration of six months from the entry of the *default*. [Citations.] These were all cases where, as here, it was contended that the time runs from the entry of judgment and not from the entry of default." *Monica* v. *Oliveira* (1956), 147 Cal.App.2d 275, 276 [305 P.2d 169]; *Wyoming Pacific Oil Co.* v. *Preston* (1959),

171 Cal.App.2d 735, 741 [341 P.2d 732]. See also *Solot* v. *Linch* (1956), 46 Cal.2d 99, 105-106 [292 P.2d 887], where the court stated that as the motion for relief was made more than six months after the entry of the default "the court was without jurisdiction to act and the order setting aside his default and the judgment thereon was void."

Order reversed.

Tobriner, J., and Duniway, J., concurred.