[Civ. No. 26098. Second Dist., Div. Three. Sept. 13, 1962.]

TURLINE, S. A., Plaintiff and Respondent, v. JAMES T. JURY, Defendant and Appellant.

Lee Combs for Defendant and Appellant.

McLaughlin & McLaughlin and James A. McLaughlin, Jr., for Plaintiff and Respondent.

FORD, J.—The appellant, James T. Jury, has appealed from an order denying his motion to vacate and set aside the default and the default judgment entered against him after he

had been served with process and had failed to appear and answer the complaint. His default was entered on January 16, 1961. The date of entry of the judgment was April 13, 1961. The notice of motion was filed on September 8, 1961.

In the notice of motion the grounds of the motion were stated to be that ''defendant's failure to answer the Complaint . . . within the time allowed . . . was due to surprise, inadvertance, mistake or excusable neglect on the part of this . . . defendant and his counsel, as more particularly set forth in the affidavit of James T. Jury. . . .'' The appellant based his position solely upon the provisions of section 473 of the Code of Civil Procedure.[1] But such reliance was misplaced because the default was entered more than six months prior to the time when his notice of motion for relief was filed. The time when the period of six months begins to run is determined by the date of the entry of the default and not by the subsequent date of entry of judgment. (*Wyoming Pacific Oil Co.* v. *Preston,* 171 Cal.App.2d 735, 741 [341 P.2d 732]; *Monica* v. *Oliveira,* 147 Cal.App.2d 275, 276 [305 P.2d 169]; see 3 Witkin on California Procedure, pp. 2110-2111.)

During the pendency of this appeal, the appellant made a motion in this court ''for leave to file supplemental affidavits in support of motion for relief of default under C.C.P. 473'' and ''for a hearing de novo of said motion''[2] by this court. The motion was stated to be based upon the provisions of section 473 of the Code of Civil Procedure and upon rules 23(b), 10(b), 5(b) and 5(d) of the Rules on Appeal,* as well as on the record before this court. The factual matters which the appellant sought to bring to the attention of this court were claimed to be related to the merits of the appellant's defense to the action and to the merits of the claim for damages which he desired to prosecute against the respondent. Since the order of the superior court must be affirmed because

[1]The pertinent portion of section 473 of the Code of Civil Procedure is as follows: ''The court may, upon such terms as may be just, relieve a party or his legal representative from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect. Application for such relief must be accompanied by a copy of the answer or other pleading proposed to be filed therein, otherwise the application shall not be granted, and must be made within a reasonable time, in no case exceeding six months, after such judgment, order or proceeding was taken.''

[2]This court could not sit as a trier of fact for the purpose of hearing the matter de novo. (See *McCracken* v. *Teets,* 41 Cal.2d 648, 653 [262 P.2d 561].)

*Now California Rules of Court, rules 23(b), 10(b), 5(b) and 5(d).

the appellant did not seek relief under section 473 of the Code of Civil Procedure within the permitted time, there is no point in giving further consideration to the motion made in this court.

The motion for leave to file supplemental affidavits and for a hearing de novo in this court of the motion presented to the superior court is denied. The order of the superior court is affirmed.

Shinn, P. J., and Files, J., concurred.