[Civ. No. 234.   Fifth Dist.   May 9, 1963.]

FRANK JAMES THOMPSON, Plaintiff and Respondent, v. MYRON GARY VALLEMBOIS et al., Defendants and Appellants.

Mack, Bianco, King & Eyherabide and Henry C. Mack for Defendants and Appellants.

Andrew Renetzky and Harry C. Murphy for Plaintiff and Respondent.

CONLEY, P. J.— The plaintiff, Frank James Thompson, on April 18, 1960, filed a complaint for damages, alleging that as a proximate result of the negligence of the defendants in the operation of an automobile it collided with a car driven by him, causing him general damages for personal injuries in the sum of $90,000 besides medical and incidental expenses, loss of earnings, loss of use of his automobile, expenses for clothing, for special help and costs of suit. Pursuant to section 2030 of the Code of Civil Procedure, the defendants, Myron Gary Vallembois and John Vallembois, served and filed interrogatories on August 15, 1961, directed to plaintiff; the notice required answers to the 26 questions within 15 days of their receipt. No answers having been given, the defendants served notice on plaintiff and his attorneys that on the 18th day of December, 1961, they would move the court for ". . . an order dismissing your complaint and such other sanctions as the court may impose, pursuant to section 2034, subdivision (d) of the Code of Civil Procedure of the State of California." At the request of plaintiff's counsel, the hearing was twice postponed, but was finally disposed of on January 8, 1962. There is no question but that one, at least, of plaintiff's counsel had ample notice of the time and place of the hearing of the motion and that he wilfully failed to attend, due to his contention that he had other business that made it inconvenient for him to do so.

Counsel for the defendants stated to the court at that time that the plaintiff's attorney had expressed a desire to secure another continuance and that he would have no objection if the court saw fit to grant it. However, the court made an order dismissing the action pursuant to section 2034 of the Code of Civil Procedure, and a judgment was entered accordingly on January 16, 1962. No appeal was taken from the judgment.

Over nine months later, on October 31, 1962, plaintiff served and filed a notice that on November 5, 1962, he would ". . . move the court to set aside the previously entered minute order ordering that said suit be dismissed on the ground that plaintiff had not filed answers to defendants' interrogatories, . . ." The grounds of the motion as expressed in the moving papers were ". . . that plaintiff is now in a position to file said interrogatories, and that on the further ground, at the time said order was made plaintiff had insufficient information with which to answer said interrogatories, and upon the further ground that said minute order was never reduced by the defendants to judgment and no notice of judgment was ever served upon plaintiff." The motion was heard by the court and was finally granted. The formal order in the matter reads as follows:

"It Is Hereby Ordered, Adjudged and Decreed that the motion to set aside the order of dismissal is hereby granted on condition that within thirty days from November 23, 1962, attorney for plaintiff pay to attorneys for defendants the sum of $100.00. If said sum is not paid within said thirty day period the order of dismissal shall not be set aside."

A tender of $100 was made in due course but was refused by counsel for the defendants on the ground that the court was without the legal power to make the order. An appeal from the order was filed and appellants' opening brief served and filed. No brief having been filed by respondent within the time provided by the rules of court, a notice was given by the clerk to counsel for the respondent that if respondent's brief was not on file within 30 days after the date of notice the appeal would be submitted for decision upon the record and appellants' opening brief unless appellants desired to argue the case or unless good cause was shown for relief from default. (Cal. Rules of Court, rule 17(b).*) Appellants

*Formerly Rules on Appeal, rule 17(b).

waived argument, and the cause was ordered submitted for decision.

It is contended by appellants that the trial court was without jurisdiction to make the order setting aside the judgment theretofore entered. This contention is sound and must be upheld.

Generally speaking, a judgment regular in form and duly entered may be attacked in four ways: (1) by motion for a new trial; (2) by an appeal; (3) by a motion for relief pursuant to section 473 of the Code of Civil Procedure; or (4) by an independent suit in equity. This was not a motion for new trial or an appeal or an independent suit in equity based on an allegation of fraud, so plaintiff must have been relying on section 473 of the Code of Civil Procedure, even though he does not claim mistake, inadvertence, surprise or excusable neglect as a ground for relief in his notice of motion. But more than nine months elapsed between the entry of the judgment and the making of the motion, and an application for relief under section 473 of the Code of Civil Procedure is specifically restricted by the terms of the code section itself to six months.

Relief cannot be granted under section 473 of the Code of Civil Procedure if the proceeding invoking relief is instituted or the motion made more than six months after the date of entry of the default. The motion was made too late, and the trial court simply lacked jurisdiction to act under it. (*Smith* v. *Pelton Water Wheel Co.,* 151 Cal. 394, 397 [90 P. 934]; *In re Morehouse,* 176 Cal. 634, 636 [169 P. 365]; *Jones* v. *Moers,* 91 Cal.App. 65, 68 [266 P. 821]; *McNeill* v. *Wheat,* 111 Cal.App. 79 [295 P. 105]; *Wyoming Pacific Oil Co.* v. *Preston,* 171 Cal.App.2d 735, 741 [341 P.2d 732]; *Turline S. A.* v. *Jury,* 207 Cal.App.2d 655 [24 Cal. Rptr. 625]; *Phillips* v. *Trusheim,* 25 Cal.2d 913, 917 [156 P. 2d 25]; *Benjamin* v. *Dalmo Mfg. Co.,* 31 Cal.2d 523, 528 [190 P.2d 593]; *Heathman* v. *Vant,* 172 Cal.App.2d 639, 648 [343 P.2d 104]; *Becsey* v. *Bolte,* 180 Cal.App.2d 711 [4 Cal. Rptr. 722].)

Every presumption favors the validity of the judgment itself. (*Borenstein* v. *Borenstein,* 20 Cal.2d 379, 381 [125 P.2d 465]; *Kaufmann* v. *California Mining etc. Syndicate,* 16 Cal.2d 90 [104 P.2d 1038]; *Craney* v. *Low,* 46 Cal. 2d 757, 760 [298 P.2d 860].) It is regular on its face; the court had jurisdiction to enter it; there is no claim of fraud or mistake. The present attack upon the judgment

and order for judgment preceding it must fail. It is abundantly clear from the authorities above cited that the action of the trial court was in excess of its jurisdiction and void. ██ The court clearly had the power and authority under Code of Civil Procedure section 2034, subdivision (d), to dismiss the action as a means of enforcing discovery rules. (*Greyhound Corp.* v. *Superior Court,* 56 Cal.2d 355, 374-375 [364 P.2d 266] ; *Unger* v. *Los Angeles Transit Lines,* 180 Cal.App.2d 172 [4 Cal.Rptr. 370, 5 Cal.Rptr. 71].)

The order purporting to set aside the previous order for and judgment of dismissal is reversed.

Brown (R.M.), J., and Stone, J., concurred.