[Civ. No. 704.   Fifth Dist.   Aug. 24, 1966.]

GLADYS F. ORTH, Petitioner, v. THE SUPERIOR COURT OF MERCED COUNTY, Respondent; BONNIE V. DITTO, as Administratrix, etc., Real Party in Interest.

Kane & Canelo, Finch, Penrose & House and Cyril Viadro for Petitioner.

No appearance for Respondent.

Gassett, Perry & Katzen and Simon J. Katzen for Real Party in Interest.

CONLEY, P. J.—An application is made herein for a writ of mandate, or other appropriate writ, to require the superior court to entertain an application for the amendment of a probate claim filed by Gladys F. Orth. Mrs. Orth has also filed an action for the recovery of damages from the estate of John D. Ditto, deceased, by reason of an automobile collision, which was the source of injury and damage to Mrs. Orth and which, incidentally, also caused his death. The probate court refused to permit the amendment of a claim which had been filed by Mrs. Orth and denied prior to the institution of the civil suit.

This petition for a writ of mandate was filed after the perfection of an alleged appeal from the order denying the amendment of the claim; that appeal is now pending in this court entitled, "Estate of John D. Ditto, Deceased, 5 Civil 659." At the outset, we must consider whether a writ may properly be requested; to answer this question we should first decide whether or not the appeal was proper. ■ We find that the appeal is not authorized by law. (Prob. Code, § 1240.) The fear expressed in appellant's opening brief in *Estate of Ditto* that the appellant and petitioner herein has developed ". . . serious doubts as to the appealability of a probate order denying relief under section 473 of the Code of Civil Procedure" is well founded. In *Estate of O'Dea*, 15 Cal.2d 637, 638 [104 P.2d 368], it is said: "Section 1240 of the Probate Code specifies the orders and judgment in probate from which an appeal will lie, and an order denying relief under section 473 of the Code of Civil Procedure is not one of the orders so specified. . . . As this order denying the appellants' motion brought under section 473 of the Code of Civil Procedure to be relieved of their default was one made in probate, no appeal will lie from said order under the provisions of said section 1240 of the Probate Code."

■ Furthermore, there is no right to appeal from the rejection of a probate claim. (*Miller* v. *California Trust Co.*, 15 Cal.App.2d 612 [59 P.2d 1035]; *Estate of Turner*, 128 Cal.

388, 393 [60 P. 967]; 1 Condee, California Practice, Probate Court Practice (2d ed.), § 758, p. 487.) Therefore, the appeal which was taken from the denial by the probate court of petitioner's motion for permission to file an amendment of the claim, pursuant to section 473 of the Code of Civil Procedure, is unauthorized and should be dismissed. That conclusion was a preponderant element in our determination that the order to show cause why a writ of mandate should not be issued was proper. The conflicting claims of the parties on this subject have occupied the time and attention not only of the probate department of the Merced County Superior Court, but also of the trial department in which the action of Orth v. Ditto is pending. The question involved is so pervasive that this court believed it proper to straighten the pathway of respective counsel in further litigation arising from the tort claimed to have been committed by the decedent against Mrs. Orth.

At this time, it appears advisable to set forth chronologically the basic items involved in the controversy. On July 5, 1964, Gladys F. Orth was severely injured in an automobile collision with a car driven and operated by John D. Ditto and claimed by her to have been proximately caused by his negligence. Mr. Ditto died as a result of the accident, and, thereafter, his estate was probated in Merced County. Bonnie V. Ditto is the duly appointed, qualified and acting administratrix of the estate. On October 8, 1964, she caused to be made the first publication of notice to creditors. (Prob. Code, § 700.)

On December 1, 1964, well within the six-month statutory period, after the first publication of notice to creditors, the appellant, Mrs. Orth, filed a claim against the estate. There has been considerable conflict in the views of counsel and the trial judges involved with respect to the meaning of the document as filed. It reads in part as follows:

"Amount Claimed: $25,000.00 plus interest

"Description of Item: Claim evolves from damages sustained by the claimant in an automobile accident wherein the deceased, John D. Ditto, did so negligently and wrongfully cause. That such claim will amount to those express damages incurred by the claimant not covered or provided for by liability insurance of the deceased; such amounts to be amended if such be found necessary. No payment has been made from this estate upon this claim to date and hence when definite amount of claim becomes known, 7% per annum will be charged on those amounts.

"Whereas, claimant prays that said claim be here set at

$25,000.00 together with interest thereon at the aforesaid rate from such date as the court may render judgment and be allowed and approved.

"TOTAL      $25,000.00
plus interest."

The ambiguous form of the claim is most unusual. It is clear that, generally speaking, a claim in a probate estate cannot be partially urged against some absent insurance company. Doubtless the attention of the person who prepared the claim must have become entangled in the relatively new provision of the Probate Code, which refers to the lack of necessity of filing a claim for the damages covered by insurance, if before the death of the insured a suit has already been filed against him and such suit is being defended by the insurance carrier of the decedent. Section 709 of the Probate Code, as amended in 1959, contains this provision: ". . . if the action which is pending is an action for damages and the decedent was insured therefor and the insurer has accepted the defense of the cause and an appearance has been made in such action on behalf of the decedent, no claim shall be required except for amounts in excess of or not covered by such insurance; . . ." But here there was no case pending at the time of the filing of the claim, and, of course, no insurance company had accepted the defense of any such cause. Therefore, the reference in the claim to coverage by an insurance company is an entirely false quantity. The probate judge held that the claim as filed was for $25,000, and we are not disposed to hold otherwise; that figure is specified in three different places, and we do not hold that the confused and inartful reference to public liability coverage affects this conclusion.

After the rejection of the claim *in toto* in the Ditto estate filed on December 17, 1964, Mrs. Orth instituted an action on January 5, 1965, praying damages in the sum of $100,000 as a result of her personal injuries alleged to have been caused by the negligence of the decedent. As originally prepared, the complaint failed to mention the prior filing and rejection of her claim in the Ditto estate, but on August 31, 1965, an appropriate amendment was allowed, and the facts of the filing and refusal of the claim were then alleged. Thereupon, respondent moved, in the case of Orth v. Ditto, for an order limiting Mrs. Orth's recovery to $25,000, the amount of the claim filed by her in the Ditto estate. Mrs. Orth thereafter made a motion in the estate proceedings, pursuant to section 473 of the Code of Civil Procedure, for leave to file an

amended probate claim in the amount of $100,000. After prolonged argument and the filing of briefs by counsel, the probate judge held that the time for filing claims had expired and that the court lacked jurisdiction to grant the request; the attempt to amend the claim was denied. The above-mentioned appeal then followed, and several months later, the pending application for a writ of mandate was made by Mrs. Orth.

After the ruling in the probate court, the trial department of the superior court made an order limiting the possible recovery in the case of Orth v. Ditto to $25,000 on the ground that the claim which had been filed by Mrs. Orth in the probate court asked for that amount only.

We hold that there cannot be consideration of the proposed amendment of the probate claim because of lack of jurisdiction. The claim was originally filed on December 1, 1964, and denied on December 17, 1964. Section 473 of the Code of Civil Procedure made available a further reasonable period not to exceed six months within which an attempt might be made to amend it. Section 473 of the Code of Civil Procedure applies to probate claims as well as to other actions, or proceedings, in the superior court. (*Davis* v. *Superior Court,* 35 Cal.App. 473 [170 P. 437]; *Estate of Simmons,* 168 Cal. 390, 395 [143 P. 697]; 1 Condee, California Practice, Probate Court Practice (2d ed.), § 760, p. 489.) This latter period ended in June 1965. And the application for leave to file an amendment to the claim was not filed until October 6, 1965. It came too late, and the trial judge correctly held that jurisdiction had been lost. (*Canadian etc. Co.* v. *Clarita etc. Co.,* 140 Cal. 672, 674 [74 P. 301]; *Hall* v. *Imperial Water Co.,* 200 Cal. 77, 80-81 [251 P. 912]; *Solot* v. *Linch,* 46 Cal.2d 99, 105-106 [292 P.2d 887]; *Berilla* v. *Pope,* 94 Cal.App.2d 743 [211 P.2d 639]; *Cikuth* v. *Loero,* 14 Cal. App.2d 32 [57 P.2d 1009]; *Estate of Hilde,* 101 Cal.App.2d 41 [224 P.2d 765]; *Castagnoli* v. *Castagnoli,* 124 Cal.App.2d 39, 41 [268 P.2d 37]; *Wyoming Pac. Oil Co.* v. *Preston,* 171 Cal.App.2d 735, 741 [341 P.2d 732]; *Carver* v. *Platt,* 179 Cal.App.2d 140, 143 [3 Cal.Rptr. 687]; 3 Witkin, Cal. Procedure (1954) Attack on Judgment in Trial Court, § 58, pp. 2110-2111.)

In view of the time and effort expended by the several parties and attorneys involved, we believe it proper to make certain further observations with respect to the trial of this complex of litigation. The purpose of requiring the filing of claims in probate estates is well expressed in *Preston* v. *Knapp,* 85 Cal. 559, 561 [24 P. 811], where it is said: "The

object of the statutory requirement of presentation and rejection of claims against estates, as a condition precedent to the commencement of suits upon them, is to save to estates of deceased persons the costs and expenses of useless suits,—suits to recover what would have been allowed and paid by the executor or administrator without suit. The merits of such claims do not depend in any degree upon their presentation and rejection before suit. The defense that a claim had not been presented and rejected before suit does not question either the validity or the maturity of the claim, but simply challenges the remedy by suit, on the ground that another remedy provided by law has priority, and should be exhausted before commencement of suit. In other words, that the demand, or some part thereof, should be disputed and rejected, in the mode prescribed by law, before the commencement of suit.'' (See also *Radar* v. *Rogers,* 49 Cal.2d 243, 247-249 [317 P.2d 17] ; *Shabrick* v. *Moore,* 195 Cal.App.2d 56, 61 [15 Cal.Rptr. 310].)

█ The present claim is based on an alleged tort. It was formerly unnecessary to file a probate claim as a condition precedent for initiating a tort action of this kind, but by amendment of the appropriate code section, it is now requisite to do so. (Prob. Code, § 707.) █ Here, a claim was filed within the six-month period specified in the notice to creditors, and it asked for $25,000. The claim was denied, and this meant that not only did the estate refuse to pay $25,000, but any sum. What was the effect of such a refusal? It very clearly established that the estate considered that no damages were due the claimant, whether $0.01 or $25,000, or, for that matter, $100,000. When then, in common sense, is to prevent the judge presiding at the trial of Orth v. Ditto from permitting unlimited proof of damages pursuant to the pleadings in the case? That is exactly what has been done in connection with claims in tort urged against municipalities.

In *Sullivan* v. *City & County of San Francisco,* 95 Cal.App. 2d 745, 764-765 [214 P.2d 82], it is said : ''As already pointed out, the claim filed by the plaintiff with the city—filed while he was still in the hospital—was for $50,000. Plaintiff then filed a complaint of $50,000, and thereafter, by motion, sought permission, which was granted, to file a second amended complaint in which the demand was increased to $150,000. The city contends that plaintiff is limited to the amount set forth in the original claim.

''The contention lacks merit. While the filing of a claim is

mandatory in such cases, literal compliance with the claim statute is not required—substantial compliance is sufficient. *Coen* v. *City of Los Angeles,* 70 Cal.App. 752, 766 [234 P. 426]; *Knight* v. *City of Los Angeles,* 26 Cal.2d 764 [160 P.2d 779]; *Perry* v. *City of San Diego,* 80 Cal.App.2d 166 [181 P.2d 98].)

"It seems too clear to require extended argument that, in a proper case, an injured person should not be limited arbitrarily to the amount of his claim. Such claims must be filed within a very short time after the accident. Many times, as in the instant case, the claim must be filed while the injured person is still in the hospital and before the extent of his injuries is known. If it were held that the injured person is absolutely limited to the amount of his claim filed before the injuries caused by the governmental agency have been definitely ascertained, grave injustices would necessarily result, as the instant case demonstrates. Moreover, it would result in lawyers always filing excessive claims, out of an abundance of caution, and thus tend to prevent the settlement of such claims —one of the major reasons for the requirement of filing the claim.

"While we have been referred to no California case dealing with the precise point, there is fortunately no lack of authority from other jurisdictions. The point is discussed in an annotation in 75 American Law Reports, page 1511 entitled 'Amount of damages named in notice of claim against municipality as limiting amount of recovery.' It is there stated: 'Although there are some cases in which a contrary conclusion has been reached, it has been generally held, both under statutes proving that a notice or claim for damages must be presented to municipal authorities in order that recovery may be had and apart from such statutes, that the amount claimed in the petition or notice does not necessarily limit or control the amount which may be recovered in an action to enforce the claim. It will be seen that this view has been taken even under statutes which require that the notice state the amount claimed.' Cases supporting this view are cited from Georgia, Kansas, Michigan, Minnesota, New Hampshire, New York, Oklahoma, Rhode Island, Utah, Washington and Canada."

In *Steed* v. *City of Long Beach,* 153 Cal.App.2d 488 [315 P.2d 101], the rule in the *Sullivan* case, *supra,* is followed and it is said on page 494: "If a claim for damages specified at $50,000 will support a judgment for $125,000 (as in the *Sullivan* case, *supra*), it seems that a claim such as the one under

consideration should have the same liberal treatment, that the failure to name a sum presently representing the amount of damages for pain and suffering and the like should not be held to rule that element of recovery out. This subject is annotated in 75 American Law Reports 1511 and 136 American Law Reports 1368. See also 38 American Jurisprudence, section 697, page 400; 63 Corpus Juris Secundum, section 925c (5), page 364.''

The same reasoning should apply to a tort claim against an estate. If the executor or administrator refuses to pay anything in damages, there is no good reason why the judge presiding in the tort action cannot permit proof under the plaintiff's pleadings for any amount asked for in the complaint. While here the trial judge has at least tentatively limited possible recovery to $25,000, he may later permit a modifying motion to be made, or he may rule on the admissibility of proposed evidence at the trial in accordance with the foregoing suggestion rather than in conformity with his temporary order limiting proof to $25,000.

It is ordered that a writ of mandate in the probate proceeding is denied.

Stone, J., and McMurray, J. pro tem.,* concurred.

---

*Assigned by the Chairman of the Judicial Council.