[Civ. No. 45042. Second Dist., Div. Five. June 4, 1975.]

NORTHRIDGE FINANCIAL CORPORATION,
Plaintiff and Respondent, v.
ARTHUR E. HAMBLIN et al., Defendants and Appellants.

COUNSEL

Franklin K. Lane III for Defendants and Appellants.

Silver & Lazar, Bernard Silver and Arthur E. Schwimmer for Plaintiff and Respondent.

OPINION

**STEPHENS, Acting P. J.**—This is an appeal from an order denying a motion made pursuant to Code of Civil Procedure section 473 for relief from the entry of a default judgment and from an order denying a motion for reconsideration of the first order. Since the facts are not in dispute, we adopt them substantially as set forth in plaintiff's brief.

On July 30, 1973, plaintiff Northridge Financial Corporation, dba American Mortgage Corporation, filed a complaint against defendants Arthur E. Hamblin (Hamblin) and Hamblin Mortgage Company, Inc. (HMC) for $20,485.82, including interest and costs. (There is no need to set forth the underlying facts giving rise to the complaint.) Subsequently, plaintiff's counsel, Bernard Silver, granted defendant's counsel, Franklin K. Lane, an extension to September 30, 1973 to answer on behalf of both defendants. On October 2, 1973, no answer having been filed, plaintiff filed a request with the court to enter default. The court granted plaintiff's request on the same date. Default judgment against both defendants was filed on November 16, 1973.

On March 29, 1974, five days prior to the expiration of the statutory limitation of six months in which to make application for relief from

default, defendants filed a motion pursuant to section 473 to set aside the default judgment and entry of default, on statutory grounds of mistake, inadvertence, surprise, and excusable neglect. Filed in support of the motion were a declaration by defendants' counsel (Lane) and a proposed answer to the complaint. The motion to set aside the default was denied on April 17, 1974. On April 26, 1974, twenty-four days after the six-month expiration period had expired, Hamblin filed a motion for reconsideration of the order denying relief from default, on the same statutory grounds. The court denied the motion on May 14, 1974 on the basis that it no longer had jurisdiction. This appeal followed.

Code of Civil Procedure section 473 provides in pertinent part: "The court may, upon such terms as may be just, relieve a party or his legal representative from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect. Application for such relief must be accompanied by a copy of the answer or other pleading proposed to be filed therein, otherwise the application shall not be granted, and must be made within a reasonable time, in no case exceeding six months, after such judgment, order or proceeding was taken."

■ It is well established that it is within the discretion of the trial court to determine whether or not to grant a motion to vacate a default judgment, and absent a clear abuse of discretion the court's ruling should not be overturned. (*Transit Ads, Inc.* v. *Tanner Motor Livery, Ltd.,* 270 Cal.App.2d 275, 278 [75 Cal.Rptr. 848]; see also *Ludka* v. *Memory Magnetics International,* 25 Cal.App.3d 316, 321 [101 Cal.Rptr. .615].) ■ Although section 473 is remedial and should be liberally construed, the moving party has the burden of proving that the default was entered by reason of one of the statutory grounds which would entitle him to relief. ■ In support of defendants' motion to set aside the default, Lane stated in his declaration that he attempted to contact Silver (plaintiff's counsel) several days prior to September 30 to request a further extension of time to file defendants' answer, but that Silver was out of his office; that he left a message for Silver to call him back but Silver never did; that he had his secretary call Silver again approximately 10 days later, but Silver was not in; that he received a letter dated October 12, 1973, from Silver advising him that a default was entered against defendants on October 2, 1973. The excuse Lane gave for not filing the answer by September 30 was that in late September or early October his practice was disrupted when the attorney from whom he was sub-leasing his office was evicted from the suite for nonpayment of

rent.[1] Thereafter, he negotiated a 30-day tenancy agreement with the landlord. He spent a considerable amount of time in the latter part of October and November seeking new office space, and from mid-October to mid-December, he was unable to spend more than one-third of his time practicing law; the rest of his time was spent resolving his legal problems which arose as a result of his practice being disrupted and his subsequent efforts in relocating.

At the outset, it is clear from Lane's declaration that defendants' default was not the result of mistake, inadvertence, or surprise. Defendants had requested an extension to September 30. Therefore, the only remaining ground on which their motion could be granted is "excusable neglect." We find that the trial court could reasonably have inferred from Lane's declaration that a deliberate decision was made by defendants not to immediately move to have the default set aside. The inference then arose that defendant might choose not to answer. (See *Fidelity Fed. Sav. & Loan Assn.* v. *Long,* 175 Cal.App.2d 149, 155 [345 P.2d 568]; *Elms* v. *Elms,* 72 Cal.App.2d 508, 513 [164 P.2d 936].) Specifically, Lane averred:

". . . . I had several meetings in August and September, 1973 with the corporate officers [Hamblin was president of HMC] . . . and it was tentatively decided that [filing a petition in bankruptcy] was the only avenue that could be followed by the corporation. It was for that reason that I requested an extension of time to September 30, 1973, in which to answer on behalf of the defendants . . .

"Several days prior to September 30, I telephoned plaintiff's attorney, Mr. Bernard Silver, to request a further extension of time in which to answer, but he was not in and I left a message for him to call me but he never did. Approximately a week or ten days later, I had my secretary call his office to ask for a further extension and again Mr. Silver was not in; however, under date of October 12, 1973, he did advise me that he had taken the default of my clients on October 2, 1973, without having the courtesy to advise me beforehand.

"On October 25, 1973, I discussed the question of defaults entered against my clients with the officers of Hamblin Mortgage Company, Inc., *and it was decided to wait several more weeks until a final decision on filing a petition in bankruptcy was made before asking the plaintiff to set aside the defaults* and permit the defendants to answer . . . .

---

[1]In their opening brief, defendants contend that Lane's office was closed on September 18.

"Somehow, either prior to or during the move to my new offices . . . the pleading and the correspondence with the plaintiff's attorney in the above entitled action were filed in my file covering the bankruptcy matters for the defendants and after my move remained there undiscovered until approximately three weeks ago when the defendants decided to proceed with their petition in bankruptcy and I pulled that file to commence preparation of the petition." (Italics added.)

The law is well settled that where a defendant "with full knowledge of the proceedings . . . fails to take action to protect his interests until after the default, it is an abuse of discretion to set the default aside. [Citations.] Nor does the trial court have the legal power to set aside the default simply because the defendant did not realize the legal effect of failing to file an answer. [Citation.]" (*Yarbrough* v. *Yarbrough,* 144 Cal.App.2d 610, 615 [301 P.2d 426]; see also *Martin* v. *Taylor,* 267 Cal.App.2d 112, 117 [72 Cal.Rptr. 847]; *Ray Kizer Constr. Co.* v. *Young,* 257 Cal.App.2d 766, 769 [65 Cal.Rptr. 267].) Here, defendants were given additional time to file their answer, yet they did not file one. The fact that HMC may have been contemplating bankruptcy is no excuse. The assertion that Lane's practice was disrupted does not negate the fact that defendants were given an extension and still did not bother to file any answer (cf. *Nicholson* v. *Nicholson,* 85 Cal.App.2d 506, 508 [193 P.2d 112]); nor does the fact that the file may have been misplaced militate against the inference that defendants decided not to file their answer because they were considering filing a petition for bankruptcy. (Cf. *Kooper* v. *King,* 195 Cal.App.2d 621, 629 [15 Cal.Rptr. 848]; *Yarbrough* v. *Yarbrough, supra,* at p. 615.)

While we are of the opinion that the court did not abuse its discretion in denying the motion to set aside the default, the court could have also sustained such a ruling on the basis that defendants did not file their application for relief within a reasonable time. (*Martin* v. *Taylor, supra,* 267 Cal.App.2d 112, 117; *Schwartz* v. *Smookler,* 202 Cal.App.2d 76, 83 [20 Cal.Rptr. 507].) Under section 473, in addition to the time limitation of six months, the application for relief must be made within a reasonable time. Lane's declaration admits that plaintiff's counsel advised him by letter dated October 12 that plaintiff had taken defendants' default on October 2, 1973; that Lane discussed the default with defendants on October 25, at which time it was decided to do nothing about the defaults until a final decision had been made about filing a petition in bankruptcy; and that defendants decided to proceed with their bankruptcy petition about the second week in March 1974.

Defendants' motion for relief was filed on March 29, five days prior to the expiration of the statutory six-month period specified in section 473.

■ The second question raised is whether or not the trial court properly denied Hamblin's motion for reconsideration (filed twenty-four days after the statutory six-month period had expired) on the basis of lack of jurisdiction. The statutory period had commenced to run from October 2, the date of entry of default. (5 Witkin, Cal. Procedure, Attack on Judgment in Trial Court, § 151, p. 3726.)

The law is well settled that all applications for relief under section 473 must be made within the six-month period. (*Davies* v. *Superior Court,* 228 Cal.App.2d 535, 539 [39 Cal.Rptr. 693]; *Thompson* v. *Vallembois,* 216 Cal.App.2d 21, 24 [30 Cal.Rptr. 796]; *Becsey* v. *Bolte,* 180 Cal.App.2d 711 [4 Cal.Rptr. 722]; *Berilla* v. *Pope,* 94 Cal.App.2d 743, 744 [211 P.2d 639]; *Thomas* v. *Superior Court,* 6 Cal.App. 629, 632 [92 P. 739].) Appellant here, however, did not file a new application for relief, but rather filed a motion for reconsideration. The motion was based on the identical statutory grounds as were contained in the first motion. However, it was based on a new affidavit of Lane and affidavits of his secretary and of Hamblin.

Initially, it must be pointed out that there is no statutory authority for a motion for reconsideration. (*San Francisco Lathing, Inc.* v. *Superior Court,* 271 Cal.App.2d 78, 81 [76 Cal.Rptr. 304].) Nevertheless, a motion to reconsider a court's decision "has . . . been recognized by the appellate courts in limited situations. Thus, appellate courts have always recognized that a court has power, on a subsequent motion, to reconsider its prior decision *denying* a similar motion. [Citations.] In such cases the subsequent motion is considered as a *renewal* of the previous motion. [Citations.] . . . . [¶] The motion to reconsider has also been recognized by the reviewing courts where it is in the nature of a motion seeking relief under the provisions of Code of Civil Procedure section 473 . . . ." (*Id.;* fn. omitted.) Therefore, appellant's motion for reconsideration here must be considered as a renewal of his prior motion for relief and is also subject to the requirements of section 473. (*Dunas* v. *Superior Court,* 9 Cal.App.3d 236, 239 [87 Cal.Rptr. 719]; 4 Witkin, Cal. Procedure, Proceedings Without Trial, § 27, pp. 2695-2696.) A motion for relief from a judgment, renewed after denial of a prior motion for similar relief, must be made within the six-month statutory period prescribed by section 473. (*Carver* v. *Platt,* 179 Cal.App.2d 140, 144 [3 Cal.Rptr. 687].) In *Carver,* the plaintiff filed a timely motion for relief under section 473. The motion was denied six days before the expiration of the six-month

statutory period. Seven days after the six-month period had expired, the plaintiff filed a motion for reconsideration. The court affirmed the trial court's denial of the latter motion on the basis of lack of jurisdiction, stating (at p. 144): "The second motion was filed more than six months after the entry of judgment. It was a new motion to vacate the judgment. While it was a renewal of the first motion in a sense, it was based on facts which were not before the court at the hearing of the first motion. Since the second motion for relief was made after the prescribed period had expired, the court was without jurisdiction to act."

Hamblin argues that the *Carver* case should not apply in the instant case since the original motion was not heard and determined by the court until after the expiration of the six-month period, thus precluding any opportunity for him to have filed the motion for reconsideration within the statutory period. In effect, Hamblin is asking this court to extend the jurisdictional time period of section 473, which is not within our province. Moreover, Hamblin had 18 days between the time he filed his original motion and the time it was heard and denied to file additional or supplemental affidavits to support his motion. (*Estate of Parks,* 206 Cal.App.2d 623, 630 [24 Cal.Rptr. 250]; *Gray* v. *Laufenberger,* 195 Cal.App.2dSupp. 875, 878 [15 Cal.Rptr. 813]; *Roseborough* v. *Campbell,* 46 Cal.App.2d 257, 262 [115 P.2d 839].) Hamblin neither filed additional affidavits nor sought a continuance in order to do so. Indeed, Lane acknowledged in his later declaration that it was not until after the first motion was denied that he made a "more thorough investigation into the exact circumstances and sequences of events that resulted in the entry of default." This lack of diligence cannot be condoned. (*Transit Ads, Inc.* v. *Tanner Motor Livery, Ltd., supra,* 270 Cal.App.2d 275, 278.)

The order denying relief from default and the order denying reconsideration of said motion are affirmed. Costs are awarded to respondent.

The judgment is affirmed.

Ashby, J., and Hastings, J., concurred.