[Civ. Nos. 20280, 20577.   Second Dist., Div. One.   Aug. 1, 1955.]

HAZEL HURST, Respondent, v. HAZEL HURST FOUN-
DATION FOR THE BLIND, INC. (a Corporation),
Appellant.

Edward Raiden for Appellant.

Dalton, Dalton & Cardon for Respondent.

DRAPEAU, J.—For many years Hazel Hurst was president and a member of the board of directors of Hazel Hurst Foundation for the Blind, Inc., a California charitable corporation. The foundation trained seeing-eye dogs and blind persons for whom the dogs were obtained. The idea behind the foundation was Hazel Hurst's. She organized the corporation. She was active in promoting and advertising its work, and in securing donations for its purposes. The affairs of the corporation were administered by its board of directors.

On May 22, 1951, Hazel Hurst terminated her relations with the foundation. There had been dissension between her and the board of directors, culminating in her retirement. Before that for a time she was not active in the management because of disagreement with the board. When that board retired from management her husband (whom she later divorced) then became president and a member of the board. When he retired from the presidency Hazel Hurst again took over until her final retirement.

The complaint in this case was by Hazel Hurst to collect a promissory note for $10,500, alleged to have been made, executed, and delivered by the foundation to her. Defendant foundation denied any liability under the note, and cross-complained for an accounting, and for several items of indebtedness claimed due it by plaintiff.

The trial court found against defendant on the cross-complaint, and for the plaintiff on the note. Judgment for plaintiff followed for the amount of the note, together with interest and attorneys' fees. Defendant appeals from the judgment.

After filing the notice of appeal defendant moved in the superior court to vacate and set aside the judgment for the reasons specified in section 473 of the Code of Civil Procedure, and also for alleged extrinsic fraud.

These motions were denied for the reason, as stated by the court, that under the provisions of section 946 of the Code of Civil Procedure it lacked jurisdiction to entertain them. Defendant appeals from each of these orders.

So far as the promissory note is concerned, the solution of this problem is easy. The record discloses positive evi-

dence for the plaintiff that supports the findings and the judgment. The directors authorized the note. It was formally delivered to plaintiff. And she testified it was for moneys previously advanced by her to defendant.

Defendant's brief goes with particular detail into the proceedings of the board of directors, and the relationship of plaintiff to the corporation. Assuming that it could have been inferred from the evidence that there was no consideration for the note, that there was fraud or misconduct on the part of plaintiff in securing it, that the note was invalid for irregularity in the proceedings of the directors, or was beyond their powers, or the powers of the corporation, still the record contains substantial evidence to support the findings and the judgment.

It was the province of the trial judge to resolve all conflicts in the evidence. And under familiar principles of appellate practice, in the circumstances in this case this court may not weigh the evidence, or set aside the judgment of the trial court. (*Crawford* v. *Southern Pac. Co.*, 3 Cal.2d 427 [45 P.2d 183]; *Estate of Teel*, 25 Cal.2d 520 [154 P.2d 384].)

Moreover, many points now urged for the first time on appeal were not brought to the attention of the trial court. The case was tried upon the theory that the note was cancelled and another note for $5,000 substituted in its place. Parties are not permitted to adopt new and different theories of a case for the first time upon appeal. (*Ernst* v. *Searle*, 218 Cal. 233 [22 P.2d 715].)

Defendant's contention that the trial court failed to review and consider all of the relevant evidence is without merit. The minutes of the corporation were before the court, and it is to be presumed that they were given judicial consideration. (*Deary* v. *Shields*, 54 Cal.App.2d 795 [129 P.2d 935].)

Defendant concedes that the trial court was right in denying the motion under section 473 of the Code of Civil Procedure. But defendant contends that the motion to set aside the judgment for extrinsic fraud should have been heard on its merits.

This court is unable to see any difference in the application of the rule set forth in section 946 of the Code of Civil Procedure as to either motion. Under that section all further proceedings in the superior court were stayed, except for certain collateral proceedings, when the appeal was per-

fected. ■ In effect the appeal removed from the jurisdiction of the superior court the subject matter of the judgment. (*Sacks* v. *Superior Court*, 31 Cal.2d 537 [190 P.2d 602]; *Agnew* v. *Superior Court*, 118 Cal.App.2d 230 [257 P.2d 661].) A motion to vacate for extrinsic fraud is embraced within the subject matter of a judgment appealed from.

The judgment and the orders are, and each of them is, affirmed.

White, P. J., and Doran, J., concurred.