[Civ. No. 53207. Second Dist., Div. Five. May 1, 1979.]

LASLO BERESH et al. Plaintiffs and Appellants, v.
SOVEREIGN LIFE INSURANCE COMPANY
OF CALIFORNIA et al., Defendants and Respondents.

## Counsel

Laslo Beresh, Christopher Beresh, Ibolya Beresh and Yvonne Beresh, in pro.per., for Plaintiffs and Appellants.

Agnew, Miller & Carlson, Thomas J. Ready, David Goldberg, John M. Maller, Cosgrove, Cramer, Rindge & Barnum, J. D. Barnum and L. P. McElhaney for Defendants and Respondents.

## Opinion

**STEPHENS, Acting P. J.**—Acting in propria persona, appellants have filed the instant appeal from two orders denying their motions made pursuant to Code of Civil Procedure section 473[1] for relief from the entry of a summary judgment on behalf of respondents. Since the procedural facts are not in dispute, we adopt them substantially as set forth in respondent Equifax's brief.

On March 14, 1975, appellants filed their complaint for damages against respondents Sovereign Life Insurance Company of California and Equifax, Inc. (formerly Retail Credit Company), as well as New York Life Insurance Company and Continental Casualty Company, to which this appeal does not apply. (It is unnecessary to set forth the underlying facts giving rise to the complaint.) Three amended complaints were filed, the last of these, the fourth amended complaint being filed on January 7, 1976. On April 15, 1976, a summary judgment was entered in favor of respondents and against appellants. On the following day, notice of entry of summary judgment was served on appellants. Thereafter, on June 14, 1976, appellants filed a notice of appeal from the summary judgments. However, while this appeal was pending, appellants filed the first of two motions under section 473 to vacate the trial court's order granting the summary judgments. This motion was denied on November 9, 1976, the court holding that it had "[n]o jurisdiction during pendency of appeal." Then, on December 4, 1976, more than six months after entry of the summary judgments, appellants filed their second motion to vacate the summary judgments, and to avoid a recurrence of November 9th, filed an "Abandonment of Appeal" from the summary judgments they sought vacated. Nonetheless, on December 29th, the trial court denied the

---

[1] All references to code sections are to the Code of Civil Procedure.

second motion to vacate, reciting that ". . . it must be denied because more than six months expired prior to the making of the instant motion. *Northridge Financial Corp.* v. *Hamblin,* 48 CA 3d 819, holds that a motion to reconsider a Sec. 473 motion, filed after the six months have expired, does not relate back to the date of filing of the original Sec. 473 motion. Accordingly, all items which could have been reconsidered on a Sec. 473 motion, including intrinsic fraud, may not now be considered." Further, the trial court noted that "Plaintiff is correct that the running of the six months period does not prevent the filing of a motion based on extrinsic fraud. However, the items alleged (false affidavits on the motion for summary judgment) amount at the most to intrinsic fraud, not extrinsic."

In their opening brief, appellants do set forth some specific contentions raised on appeal, but most of the arguments presented deal with the merits of their amended complaints and the presence of "numerous triable issues of facts." In regard to the section 473 motions, they primarily argue that the first of these motions should have been put "off calendar" rather than denied for lack of jurisdiction. The second such motion, then, they contend, should be deemed timely filed by virtue of the earlier motion's filing date being within statutory limitations. Appellants cite no case authority for these propositions, but beg this court's indulgence due to their lack of counsel on appeal. Naturally, this court is bound to give its full consideration to any earnest, nonfrivolous appeal, despite the lack of legal expertise of a party. Nonetheless, the law in California is quite clear in regard to the issues raised, and we are bound, as discussed below, to follow case precedent and affirm the judgments.

■ I. The appeal from the denial of the first section 473 motion is untimely; however, the trial court was correct in denying the motion for lack of jurisdiction in any event.

Initially, we note that under rule 2 of the California Rules of Court, a notice of appeal must be filed "within 60 days after the date of service of written notice of entry of judgment." In this case written notice of the entry of judgment was sent appellants on November 10, 1976. Their notice of appeal from the order, however, was not filed until February 25, 1977, clearly more than 60 days after the notice was sent. ■ It has been held that this first step, the actual taking of an appeal, is not merely procedural, but jurisdictional. Therefore, " '[i]f it appears that the appeal was not taken within the 60-day period, the court has no discretion but must dismiss the appeal of its own motion even if no objection is made. [Citations.]' " (*Hollister Convalescent Hosp., Inc.* v. *Rico* (1975) 15 Cal.3d

660, 666-667 [125 Cal.Rptr. 757, 542 P.2d 1349], quoting *Estate of Hanley* (1943) 23 Cal.2d 120, 123 [142 P.2d 423, 149 A.L.R. 1250].)

■ In this case, however, dismissal of this portion of the appeal would leave the remainder of the issues raised still present for our consideration, which are closely linked with this one. Therefore rather than simply dismissing this portion of the appeal for failure to timely file it, we will undertake to discuss the propriety of the trial court's denial of the motion.

■ Appellants do not dispute that prior to filing the first of their section 473 motions they filed an appeal from the summary judgments. They contend, however, that the trial court judge should have simply put their section 473 motion "off calendar" rather than denying it on jurisdictional grounds. This contention is without merit. It is clear that "[i]n effect the appeal removed from the jurisdiction of the superior court the subject matter of the judgment. [Citations.]" (*Hurst* v *Hazel Hurst Foundation* (1955) 134 Cal.App.2d 686, 689 [286 P.2d 53].) The trial court judge correctly denied the first section 473 motion, as the trial court had no power to grant the relief sought.

■ II. The second motion to vacate failed to meet the requirements of section 473 and was properly denied.

Section 473 provides, in part: "The court may, upon such terms as may be just, relieve a party or his legal representative from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect. Application for such relief must be accompanied by a copy of the answer or other pleading proposed to be filed therein, otherwise the application shall not be granted, and must be made within a reasonable time, in no case exceeding six months, after such judgment, order or proceeding was taken; . . ." As stated in 5 Witkin, California Procedure (2d ed. 1971) Attack on Judgment in Trial Court, section 130, page 3706: "The statute [473] does not expressly refer to fraud ('mistake, inadvertence, surprise or excusable neglect'). The cases have nevertheless regarded fraud as an even more compelling ground for relief than mistake. If the fraud is *extrinsic,* equitable relief may be had without the time limitations of C.C.P. 473. . . . If the fraud is *intrinsic* (occurring in the course of an adversary hearing), equitable relief is unavailable, but a motion under C.C.P. 473 will lie. [Citations.]" (Italics in original.)

Although appellants do not speak specifically in terms of extrinsic fraud in their brief, it is clear that their second motion was based primarily on the power of the court to grant equitable relief from a judgment procured by extrinsic fraud. However, the alleged fraud—consisting of "deliberate, intentional misrepresentations, untruths, half truths, and deceitfully misleading affidavits, arguments and declarations"[2] on the part of respondents—is clearly what courts have consistently characterized as intrinsic fraud, not extrinsic. ■ The rule is classically stated in *Pico v. Cohn* (1891) 91 Cal. 129, 133-134 [25 P. 970, 27 P. 537]:

". . . That a former judgment or decree may be set aside, and annulled for some frauds there can be no question; but it must be a fraud extrinsic or collateral to the questions examined and determined in the action. And we think it is settled beyond controversy that a decree will not be vacated merely because it was obtained by forged documents or perjured testimony. The reason of this rule is, that there must be an end of litigation; and when parties have once submitted a matter, or have had the opportunity of submitting it, for investigation and determination, and when they have exhausted every means for reviewing such determination in the same proceeding, it must be regarded as final and conclusive, unless it can be shown that the jurisdiction of the court has been imposed upon, or that the prevailing party, by some extrinsic or collateral fraud, has prevented a fair submission of the controversey. What, then, is an extrinsic or collateral fraud, within the meaning of this rule? Among the instances given in the books are such as these: Keeping the unsuccessful party away from the court by a false promise of a compromise, or purposely keeping him in ignorance of the suit; or where an attorney fraudulently pretends to represent a party, and connives at his defeat, or, being regularly employed, corruptly sells out his client's interest. (*United States v. Throckmorton*, 98 U.S. 65, 66, and authorities cited.)

"In all such instances the unsuccessful party is really prevented, by the fraudulent contrivance of his adversary, from having a trial; but when he has a trial, he must be prepared to meet and expose perjury then and there. He knows that a false claim or defense can be supported in no other way; that the very object of the trial is, if possible, to ascertain the truth from the conflict of the evidence, and that, necessarily, the truth or falsity of the testimony must be determined in deciding the issue. The

---

[2]The quoted phrase is taken from the papers supporting the first motion. However, the second motion incorporated the arguments contained in the first. As regards the possibility of the second motion being considered a motion for reconsideration of the first motion, thus negating the time limitation problem, see discussion below.

trial is his opportunity for making the truth appear. If, unfortunately, he fails, being overborne by perjured testimony, and if he likewise fails to show the injustice that has been done him on motion for a new trial, and the judgment is affirmed on appeal, he is without remedy. The wrong in such case, is of course a most grievous one, and no doubt the legislature and the courts would be glad to redress it if a rule could be devised that would remedy the evil without producing mischiefs far worse than the evil to be remedied. Endless litigation in which nothing was ever finally determined, would be worse than occasional miscarriages of justice; and so the rule is, that a final judgment cannot be annulled merely because it can be shown to have been based on perjured testimony; for if this could be done once, it could be done again and again *ad infinitum. . . .*"

Further, "California cases uniformly hold that the introduction of perjured testimony or false documents in a fully litigated case constitutes intrinsic fraud rather than extrinsic fraud. [Citations.]" (*Kachig* v. *Boothe* (1971) 22 Cal.App.3d 626, 634 [99 Cal.Rptr. 393].) It follows from the foregoing that appellants have not shown that the summary judgments were procured by extrinsic fraud, and that, therefore, their motion to vacate the summary judgments not being filed within the six-month time limitation of section 473, was properly denied.[3]

In addition, we note that if the second motion were to be considered a motion for reconsideration of the first motion, the result would be the same. This court had the occasion to confront this issue in *Northridge Financial Corp.* v. *Hamblin,* (1975) 48 Cal.App.3d 819 [122 Cal.Rptr. 109]. In that case, we noted that there is no statutory ground for a motion for reconsideration in such cases, but that " 'appellate courts have always recognized that a court has power, on a subsequent motion, to reconsider its prior decision *denying* a similar motion.' " (*Northridge Financial Corp.* v. *Hamblin, supra,* 48 Cal.App.3d at p. 825, quoting *San Francisco Lathing, Inc.* v. *Superior Court* (1969) 271 Cal.App.2d 78, 81 [76 Cal.Rptr. 304]. Italics in original.) However, because such a motion is considered a *renewal* of the previous motion, the subsequent motion must also meet the requirements of section 473. "A motion for relief from a judgment, renewed after denial of a prior motion for similar relief, must be made within the six-month statutory period prescribed by section 473.

---

[3]In their second motion appellants also argued that section 1916 permits an attack on a judgment after six months have expired since its entry. However, the same requirement that applies to section 473 relief, that the fraud perpetrated in procuring the judgment be extrinsic, applies equally to section 1916 relief. (See cases annotated under West's Ann. Code Civ. Proc., § 1916.)

[Citation.]" (*Northridge Financial Corp.* v. *Hamblin, supra,* at p. 825.) The trial judge correctly noted the above legal precedent and properly denied the motion.

The judgments are affirmed.

Ashby, J., and Hastings, J., concurred.

A petition for a rehearing was denied May 21, 1979, and appellants' petition for a hearing by the Supreme Court was denied July 5, 1979.