Filed 10/6/16  Pavlik v. Thompson CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| PATRICIA PAVLIK,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>MICHAEL L. THOMPSON,<br><br>    Defendant and Appellant. | F071610<br><br>(Super. Ct. No. FL2056)<br><br>**OPINION** |

-ooOoo-

APPEAL from an order of the Superior Court of Kern County.  Donald P. Glennon, Jr., Commissioner.

Michael L. Thompson, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

-ooOoo-

After wife petitioned for dissolution of the parties' marriage, she amended her petition to seek a judgment of the nullity of the marriage.  The trial court bifurcated and tried that issue and determined the parties' marriage was not valid because husband had not legally dissolved his marriage to his first wife before purporting to marry wife.  Two years after that determination, husband moved to vacate the order on the ground of extrinsic fraud.  The trial court denied the motion and husband appeals.  Because the

evidence husband relied on did not demonstrate extrinsic fraud, and the motion was untimely as a motion based on intrinsic fraud, we affirm.

## *FACTUAL AND PROCEDURAL BACKGROUND*

The parties married in 1988.[1]  At the time, husband was incarcerated, serving a life sentence for murder.  In May 2006, wife filed a petition for dissolution of the marriage.  Subsequently, wife was granted leave to amend the petition to request a determination of the nullity of the marriage.  The issue of nullity was bifurcated and tried on November 1, 2011.

In her trial brief, wife contended husband was still married to his first wife at the time of the parties' marriage.  She asserted husband told her he had obtained a divorce from his first wife by going to Mexico and filing divorce papers there.  Wife contended such a divorce was invalid and not recognized in California.  Wife also contended the parties' marriage was invalid because it was induced by husband's fraud.

In her posttrial brief, wife reiterated her argument that husband's divorce from his first wife was invalid because neither spouse was domiciled in Mexico at the time of the divorce.  Wife also argued she was not estopped from seeking a determination of nullity, because she had not been aware of the invalidity of the Mexican divorce until husband was involved in a documentary in 2007; she then began to investigate the validity of her marriage to husband.

On February 24, 2012, the trial court entered its order granting wife's motion for an adjudication of the nullity of the parties' marriage.  It found the Mexican divorce to be invalid under California law.  The ruling stated there was no evidence to support the legality of the divorce; husband could not even remember whether he had actually gone to Mexico and there was no testimony from the attorney who allegedly advised that the

---

**1**    Because of the limited record on appeal, we take our facts from husband's motion to set aside the order determining the nullity of the parties' marriage, including the exhibits attached to it, and from the register of actions.

2.

divorce was valid.  Wife passed away on February 5, 2012, shortly before entry of the nullification order.

More than two years after entry of the order, husband filed his motion to set aside the nullity order, asserting it was obtained through wife's extrinsic fraud.  He asserted wife was estopped from challenging the validity of husband's divorce from his first wife, but she avoided a finding of estoppel by making false representations to the court.  He served the motion on wife's attorney of record.  The trial court denied husband's motion, finding it was untimely, it did not raise any new facts, and husband did not properly serve wife or her estate.  Husband appeals from the order denying his motion to vacate the nullity order.

## *DISCUSSION*

### I.     **Request for Judicial Notice**

Husband filed a request that we take judicial notice of the record on appeal in a related action in this court involving husband, *Thompson v. Lujan*, case No. F071658.  On appeal, the court may take judicial notice of any matter specified in Evidence Code section 452.  (Evid. Code, § 459.)  Under that section, the appellate court has discretion to take judicial notice of specified matters, including records of any court in this state.  (Evid. Code, § 452, subd. (d).)  In the motion requesting judicial notice, the party must state why the matter is relevant to the appeal.  (Cal. Rules of Court, rule 8.252(a)(2)(A).)  The reviewing court may deny the request for judicial notice if the matter that is the subject of the request is not shown to be relevant to the issues on appeal.  (See *Doe v. City of Los Angeles* (2007) 42 Cal.4th 531, 544, fn. 4; *Ragland v. U.S. Bank National Assn*. (2012) 209 Cal.App.4th 182, 194.)  Husband has not demonstrated that the content of the appellate record in the other case is relevant to the issues raised in this appeal.  Accordingly, we deny husband's October 23, 2015, request for judicial notice.

3.

## II.    Setting Aside Order of Nullity

In his motion to set aside the order of nullity, husband argued that wife admitted, in a July 28, 2008, declaration filed in support of her request to amend her petition to seek a determination of the nullity of the parties' marriage, that she had learned husband's second wife testified at a parole hearing that her marriage to husband had not been legally dissolved because the second wife was not served with the divorce papers. This led to wife's discovery that husband's first marriage had not been legally dissolved. Husband's motion asserted the second wife's parole hearing testimony occurred in 1995. He contended that, because wife did not challenge the validity of her marriage to husband at that time, and continued to hold herself out as married to husband until she filed her petition for dissolution in 2006, she was estopped from challenging the validity of her marriage to husband.  He asserted wife falsely claimed for the first time in her posttrial brief that she first learned of the invalidity of the Mexican divorce in 2007; he argued wife sought to nullify their marriage solely to keep husband from obtaining a one-half interest in their property.  On the basis of this alleged extrinsic fraud, husband sought to set aside the determination of nullity of the marriage.

### A.    *Appealability*

Code of Civil Procedure section 473, subdivision (d),[2] authorizes a court to set aside any void judgment or order.  Additionally, independent of that section, the court has inherent power, on motion seasonably made, to set aside a judgment on the ground it was entered as a result of extrinsic fraud.  (*Heathman v. Vant* (1959) 172 Cal.App.2d 639, 648 (*Heathman*).)  Denial of a motion to vacate a judgment or order is generally not an appealable order.  (*Pazderka v. Caballeros Dimas Alang, Inc*. (1998) 62 Cal.App.4th 658, 668.)  If the challenged judgment or order was appealable, permitting an appeal from the

_____

[2]    All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

4.

denial of a motion to vacate would give the aggrieved party two appeals from the same decision or an unwarranted extension of time to appeal. (*Cope v. Cope* (1964) 230 Cal.App.2d 218, 228 (*Cope*).)

There is an exception when the motion to vacate is brought pursuant to statute. "'While a denial of a motion to set aside a previous judgment is generally not an appealable order, in cases where the law makes express provision for a motion to vacate such as under Code of Civil Procedure section 473, an order denying such a motion is regarded as a special order made after final judgment and is appealable'" under section 904.1, subdivision (a)(2). (*Generale Bank Nederland v. Eyes of the Beholder Ltd.* (1998) 61 Cal.App.4th 1384, 1394.) Under section 473, subdivision (d), however, "[o]nce six months have elapsed since the entry of a judgment, 'a trial court may grant a motion to set aside that judgment as void only if the judgment is void on its face.'" (*Cruz v. Fagor America, Inc.* (2007) 146 Cal.App.4th 488, 496.) Husband's motion to vacate the nullity order was not made within six months after the order was entered. Husband does not contend the order was void on its face. Accordingly, this exception to the rule of nonappealability does not apply to this appeal.

There is another exception to the rule of nonappealability when an equitable motion to vacate is based on new facts, not presented at the trial or hearing that resulted in entry of the challenged judgment or order. (*Cope*, *supra*, 230 Cal.App.2d at pp. 228–229; *Daley v. County of Butte* (1964) 227 Cal.App.2d 380, 388–389 (*Daley*).) In that situation, "the discretion of the trial court in disposing of the motion to vacate will be affected or controlled by facts not before it on the original hearing [citation]; and the action of the appellate court will be based upon a record not available to the plaintiff had he appealed from the dismissal itself." (*Daley*, at p. 389.)

Husband's motion to set aside the nullity order was based on a claim of extrinsic fraud, assertedly based on facts not presented to the trial court at the trial of the nullity issue. We conclude the denial of the motion to vacate is appealable.

5.

### B.    Standard of Review

We review the trial court's denial of a motion to vacate a judgment or order on equitable grounds for an abuse of discretion.  (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 981.)  We determine whether the decision exceeded the bounds of reason in light of the circumstances before the court.  (*County of San Diego v. Gorham* (2010) 186 Cal.App.4th 1215, 1230.)  We review the trial court's factual findings using the substantial evidence standard and its statutory interpretations de novo.  (*Ibid.*)

### C.    Extrinsic fraud

In his motion to set aside the nullity order, husband argued extrinsic fraud was the sole basis for the trial court's grant of wife's motion for a determination of nullity and for the denial of putative spouse status for husband.  He contended, in the absence of extrinsic fraud, wife would have been estopped from challenging the validity of wife's marriage to husband.  Husband contended wife submitted a declaration, dated July 28, 2008, in which she stated she began investigating the validity of plaintiff's marriage to his second wife, and discovered the invalidity of his divorce from his first wife, after the second wife's testimony at a parole hearing for plaintiff.  Husband asserted that parole hearing took place in 1995; wife intentionally left out the date, however, because she realized if she revealed it she would be legally estopped from challenging the validity of husband's divorce from his first wife because she had knowledge of circumstances making her marriage to husband void, but continued to hold herself out as married to husband until she filed for dissolution in 2006.  (See *Schotte v. Schotte* (1962) 203 Cal.App.2d 28, 30–31 ["A man who, with full knowledge of the circumstances under which an invalid divorce was obtained by a previously married woman, relies upon that decree, participates in a marriage ceremony with the purportedly divorced woman and, thereafter, lives with her as husband and wife, is estopped to deny the validity of the marriage which they attempted to effect"].)

Husband contended the trial court found in favor of wife on the nullity issue because she filed a posttrial brief in which she claimed she did not learn of the invalidity of husband's first marriage until 2007, after husband participated in filming a documentary in which husband was featured. Husband asserted there was no evidence at trial that the documentary in any way triggered wife's investigation into husband's divorce from his first wife.

On appeal, husband claims his motion to vacate presented new facts in the form of evidence wife transferred the parties' property into a living trust in her name alone, in violation of restraining orders imposed by the court in the dissolution proceeding, while representing to husband and the parole board that the parties had reconciled and that he owned one-half of the community assets. He asserts he claimed from the outset that wife's motive in alleging bigamy was to prevent husband from sharing in the property the parties had accumulated in the course of their marriage. If he had been able to couple wife's actions of hiding or transferring property with the contention that those actions reflected knowledge she was estopped from challenging the Mexican divorce from his first wife, the trial court might have found extrinsic fraud supporting husband's claims of equitable estoppel and ruled against nullity.

The trial court denied husband's motion, finding it was untimely and did not raise any new facts. Due to the inadequacy of the record, we are unable to review the finding that the motion did not present any new facts in its attempt to show extrinsic fraud. The record on appeal does not include any reporter's transcript or other record of the oral proceedings at the trial of the nullity issue. We cannot determine what evidence was presented as to wife's knowledge or discovery of the invalidity of husband's divorce from his first wife.

Regarding the timeliness of husband's motion, when a party seeks relief from a judgment or order on the ground of intrinsic fraud, the motion must be brought pursuant to section 473, within the six-month time period specified there. (*Beresh v. Sovereign*

7.

*Life Ins. Co*. (1979) 92 Cal.App.3d 547, 552 (*Beresh*); *Wyoming Pacific Oil Co. v. Preston* (1959) 171 Cal.App.2d 735, 743 (*Wyoming*).)  When the ground asserted is extrinsic fraud, equitable relief may be had beyond the time period specified in section 473.  (*Beresh,* at p. 552.)  Husband's motion to vacate was not made within six months after entry of the challenged nullity order.  Thus, it was untimely if it demonstrated only intrinsic fraud.

"'Extrinsic fraud occurs when a party is deprived of the opportunity to present his claim or defense to the court; where he was kept ignorant or, other than from his own negligence, fraudulently prevented from fully participating in the proceeding. [Citation.] Examples of extrinsic fraud are: … failure to give notice of the action to the other party, and convincing the other party not to obtain counsel because the matter will not proceed (and then it does proceed).  [Citation.]  The essence of extrinsic fraud is one party's preventing the other from having his day in court.'" (*Department of Industrial Relations v. Davis Moreno Construction, Inc*. (2011) 193 Cal.App.4th 560, 570.)

"'Any fraud is intrinsic if a party has been given notice of the action and has not been prevented from participating therein, that is, if he or she had the opportunity to present his or her case and to protect himself or herself from any mistake or fraud of his or her adversary, but unreasonably neglected to do so.'" (*Home Ins. Co. v. Zurich Ins. Co*. (2002) 96 Cal.App.4th 17, 27 (*Home Ins. Co.*).)  "It is settled in this state that a judgment will not be set aside because it is based upon perjured testimony or because material evidence is concealed or suppressed, that such fraud both as to the court and the party against whom judgment is rendered is not fraud extrinsic to the record for which relief may be had." (*Heathman*, *supra*, 172 Cal.App.2d at pp. 648–649.)

Husband's motion to vacate did not present any evidence of extrinsic fraud that prevented him from obtaining a fair hearing of the issue of nullity of the marriage.  He does not contend he was denied notice of the trial of the issue or was prevented from presenting evidence supporting his position.  In fact, the record indicates the trial date

8.

was continued multiple times to allow husband to be present, and was eventually held at the prison. Husband admits both he and wife testified at the trial. The record indicates both parties were represented by counsel.

Husband contends the extrinsic fraud was in wife's assertion in her posttrial brief of facts contradicting her statements in her July 28, 2008, declaration. He asserts the 2008 declaration was filed in support of wife's motion to bifurcate the issue of nullity. Husband points to no evidence in the record that he and his attorney were unaware at the time of trial of the statements made in wife's 2008 declaration. He has not shown he was prevented from presenting evidence of that declaration and the statements it made, or questioning wife about its content at trial.

In any event, the alleged fraud was intrinsic. Extrinsic fraud sufficient to justify setting aside a judgment or order is "'fraud extrinsic or collateral to the questions examined and determined in the action.'" (*Beresh*, *supra*, 92 Cal.App.3d at p. 553.) "'When a claim of fraud goes to an issue involving the merits of the prior proceeding which the moving party should have guarded against at that time, or if the moving party … failed to take advantage of liberal discovery policies to fully investigate his or her claim, any fraud is intrinsic fraud.'" (*Home Ins. Co.*, *supra*, 96 Cal.App.4th at p. 27.) The question of the validity of the parties' marriage was the subject of the trial. The invalidity of husband's prior divorce (or divorces) was central to that determination. Any claim of estoppel to deny the validity of the parties' marriage also addressed the merits of the issue before the trial court. Evidence pertaining to the validity of the parties' marriage or the invalidity of husband's prior divorces was at the heart of and intrinsic to the trial proceedings.

At trial, a party must be prepared to present all evidence relevant to the issues that the party wishes the trial court to consider. Pretrial discovery is the time to obtain unknown or concealed evidence. At trial, the party "'must be prepared to meet and expose perjury then and there. He knows that a false claim or defense can be supported

9.

in no other way; that the very object of the trial is, if possible, to ascertain the truth from the conflict of the evidence, and that, necessarily, the truth or falsity of the testimony must be determined in deciding the issue. The trial is his opportunity for making the truth appear.'" (*Beresh*, *supra*, 92 Cal.App.3d at pp. 553–554.) Presentation of perjured testimony or false documents at trial is not extrinsic fraud; likewise, concealment or suppression of evidence that prevents its presentation at trial is not extrinsic fraud. (*Home Ins. Co.*, *supra*, 96 Cal.App.4th at p. 27; *Wyoming*, *supra*, 171 Cal.App.2d at p. 743.)

Thus, the evidence offered by husband was, at best, evidence of intrinsic fraud. A judgment or order may be set aside based on intrinsic fraud only if the motion to do so is brought within six months after entry of the order. (*Beresh*, *supra*, 92 Cal.App.3d at p. 552.) Husband's motion was filed more than two years after entry of the order of nullity. Accordingly, the trial court did not err in finding husband's motion was untimely.

### *DISPOSITION*

The March 30, 2015, order denying husband's motion to set aside the nullity order is affirmed.

_____
HILL, P.J.

WE CONCUR:


_____
FRANSON, J.


_____
MCCABE, J.*

---

\* Judge of the Merced Superior Court, assigned by the Chief Justice pursuant to Article VI, section 6 of the California Constitution.